## Thom and Another *v.* Wilson's Executor.

PRACTICE.—An application for the correction of a record must be made to the court in which the proceedings were had. If an imperfect or incorrect transcript has been sent up to the Supreme Court, a writ of *certiorari* will be awarded, upon proper application; but the appellate court must act upon what has been done, and appears of record, below, and cannot undertake to correct the record of the lower court.

EVIDENCE.—RECORD.—A properly certified copy of an affidavit which had been filed in the Supreme Court, as the basis of a motion to reinstate a case which had been dismissed, was given in evidence against the party who had made it, in an action in the lower court.

*Held*, that as the affidavit was not connected with the case on trial by other evidence, it was irrelevant, and as it could properly have had no influence in the case, it will be presumed that it had, in fact, none.

*Held*, also, that as it did not appear that any motion was made upon the affidavit to reinstate the case, and as the case dismissed was no longer *in fieri*, the affidavit was not the fragment of a record, but an isolated paper.

WITNESS.—EXECUTOR.—In a suit against an executor, upon a contract made with the testator, where the judgment, if the plaintiff should recover, must go against the testator's estate, the executor is not a competent witness, unless called to testify by the opposite party, or by the court.

APPEAL from the *Jefferson* Common Pleas.

FRAZER, J.—A motion is made in this court, by the appellee, to strike a bill of exceptions from the record, upon the ground that the same does not correctly state the evidence, and that the signature of the judge thereto was obtained by fraudulent representations, and that it was not filed in time.

We cannot enter upon such an inquiry. The transcript before us is properly certified, and we cannot undertake its correction, unless it has been changed since it was transmitted here, which is not pretended. We cannot make a record for any of the lower courts; that is their province, and all applications for its correction must be made to them. The bill appears by the transcript to have been filed in time, and we must so regard it. If an imperfect

or incorrect transcript has been sent here, we can only, when that is shown, grant a writ of *certiorari*, to bring up a correct transcript. But we must act finally upon what has been done, and appears of record below.

Two questions only are presented for our consideration by the appellant.

1. A properly certified copy of an affidavit filed by the appellant in this court, as the basis of a motion in relation to a cause here, was permitted to go in evidence over his objection. This is claimed to be error, for the reason that it was irrelevant, and also because it was but a fragment, instead of the whole of a record. It was, as it turned out, wholly irrelevant, because it was in no manner connected with this case by any other evidence. It is impossible to perceive, therefore, how its admission in evidence could have injured the appellant. Other evidence might have existed which would have rendered it important, and we must suppose that the court admitted it for that reason, and we think that was proper. But inasmuch as it was not followed by that other evidence, it could, *per se*, have no proper influence upon the case, and we must presume that it had none. The other reason alleged against its admission, to-wit, that it was part of a record, and that the whole record ought to have been offered, is not a good one. It appears from the affidavit itself, that an appeal by *Thom* to this court had been dismissed, and that he wished it reinstated, but whether any motion to that end was ever made here does not appear. If not, then it was an isolated paper filed in this court. In that case, it did not belong to the case dismissed, for that was no longer *in fieri*, and it was no proper part of any record whatever.

This suit was by *Thom* and wife against *Wilson*, as executor, not upon a contract made with the executor. If the plaintiff had succeeded, the judgment would have been against the testator's estate. The executor offered himself as a witness to testify to conversations had by *Thom*

after the death of the testator; the plaintiff objected; the court did not require him to testify, but, over the plaintiff's objection, he was permitted by the court to be sworn and give material evidence. This was plainly an error which must reverse the judgment. The act of 1861, 2 G. & H. 168, note 2, is as clear upon the subject as it is possible for language to be. It is thereby enacted, that "in all suits where an executor, administrator, or guardian, is a party, in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator or guardian of such estate."

The judgment is reversed, with costs, and the cause remanded for a new trial.

*W. Friedly, J. E. McDonald* and *A. L. Roache,* for appellants.

*C. E. Walker,* for appellee.