## J. W. WELCH *v.* H. M. SMITH & CO.

1. CHANCERY JURISDICTION. *Substitution of record in court of law. Case in judgment.*

W. brought an action of trespass against S., and there was judgment in the Circuit Court for the defendant. A bill of exceptions was duly made out and an appeal taken, but before transmission of the transcript to the Supreme Court the record and all papers connected with the case were burned. Thereupon W. filed a bill in chancery setting out that the record could not be substituted from memory; that the then presiding judge had retired from the bench; that a new action at law could not be brought because of the bar of the statute of limitations; and that the complainant, as plaintiff in such case, had meritorious grounds for an appeal. The bill asks that the Circuit Court be required to reinstate the case and to try the same anew. *Held,* that chancery has no jurisdiction to supply lost records of a court of law.

2. SUBSTITUTION OF RECORD. *Remedy in court of law. Sec. 2293, Code 1880.*

The remedy in such case is in the court of law, under Section 2293, Code of 1880, which provides that "when the record of any judgment has been lost or destroyed, the plaintiff may have the same substituted against the defendant, upon motion, and such notice to the defendant as is required in actions in the court in which such motion is made," etc. And without this statute the Circuit Court has the power to restore its records, which have been lost or destroyed.

3. SAME. *In court of law. Retirement of judge.*

And the fact that the judge who tried such case is no longer on the bench is no obstacle to a proceeding to restore the lost records, since the result of the proceeding must depend upon proof, and not upon the memory of such judge.

APPEAL from the Chancery Court of Tishomingo County.

HON. BAXTER MCFARLAND, Chancellor.

This bill in equity, exhibited by J. W. Welch against H. M. Smith & Co., sets out that in 1886 a judgment was rendered against complainant by a justice of the peace, in an action of trespass by complainant against defendants, for unlawfully cutting and carrying away complainant's trees; that an appeal was taken to the Circuit Court, when judgment was again rendered in favor of defendants; that complainant asked and obtained an appeal to the Supreme Court; that a bill of exceptions, appeal-bond, and transcript of the record were duly made out; but before the same were transmitted to the Supreme Court the record, transcript, and all papers connected with the case, were burned, and copies thereof cannot be substituted from memory; that the then presiding judge of the Circuit Court is no longer on the bench, and there is no other way of supplying the lost records and papers.

The bill further states that a new action at law cannot now be brought because of the bar of the statute of limitations, and that complainant had good and sufficient grounds for an appeal. The bill asks that the Circuit Court be required to reinstate the case, and that the same be tried anew on its merits.

The defendants filed a demurrer to the bill. The demurrer was sustained and the bill dismissed. The complainant appealed.

*G. C. Chandler,* for the appellant.

We have here a meritorious case, where a right of action clearly exists, and the right of recovery is unquestionable, and where justice cannot possibly be administered in any other way than that proposed in the bill which the chancellor dismissed. In such a case is not the jurisdiction of the Chancery Court full and complete to grant the relief asked for.

*G. C. Chandler*, for the appellant, argued the case orally.

*J. B. Reynolds*, for the appellees.

Suppose that the demurrer is overruled and Smith & Co. answer alleging that the record *can be substituted*? Then is the case at issue on its merits? It certainly is. Suppose the Chancery Court decides this issue in favor of the defendants? What will the decree be?

If it is a fact that the record cannot be substituted, ought not Welch to show the fact by showing that he had exhausted his remedy of substitution by the proper effort in the proper Court? I think so.

Arnold J. delivered the opinion of the Court.

Sec. 2293 of the Code provides that " when the records of any judgment or decree have been lost or destroyed, the plaintiff or complainant, or other person interested therein, may have the same substituted against the defendant therein, upon motion, and such notice to the defendant as is required in actions or suits in the Court in which such motion is made; and such judgment or decree, when substituted, shall have the same force and effect as before the loss or destruction of the first record thereof. "

The remedy of appellant was under this section, and in the Circuit Court, where the cause was pending. He should have made such copy of the lost record as he could, and then entered a motion in the Circuit Court, asking that the copy be filed and substituted for the original. After notice to the defendant, and hearing the proof, the Court should have sustained the motion, if the facts warranted it in doing so.

If appellant had been unable to show substantially what the contents of the lost record were, it would have been a misfortune which resulted from defective proof, rather than from a want of power in the court to administer relief.

The fact that the judge, who tried the case, is not now on the bench, is no obstacle to such proceeding, since, if the record is restored, it must be done on proof, and not upon the memory or recollection of the judge who tried the case.

Without the statute quoted, the Circuit ·Court has power, on proper proof, to restore its own records which have been lost or destroyed. It is a power inherent in all courts of record. Freeman on Judgments, Sec. 89; *Bowman* v. *McLaughlin*, 45 Miss., 461. But one court has no authority to replace the lost record of another court. The power to do so resides exclusively in the court where the last record was made. Equity has no jurisdiction to supply the lost record of a court of law. Pomeroy Eq. Jur., Sec. 827; Freeman on Judgments, Sec. 89.

*Affirmed.*