### W. B. RODMAN, Jr., et al. v. W. A. HARVEY et al.*

*Appeal—Supplemental Proceedings—Receiver—Husband and Wife—Married Women.*

1. In proceedings supplemental to execution a receiver will not be appointed except where it is made to appear that one is necessary to the preservation of the property sought to be subjected, and its application to the payment of the judgment, if such payment shall be directed.

2. Where the land of the wife was sold and the purchase money secured by bonds and mortgages executed to the husband, without the knowledge or consent of the wife and by the mistake and ignorance of the husband: *Held*, that the title of the wife to the purchase money was not thereby divested, and the securities therefor could not be subjected to the payment of the husband's debts.

3. The Supreme Court will not consider any assignments of error except those appearing in the record proper and in the case settled on appeal.

---

*Avery, J., did not sit in this case.

102–1

This was a MOTION for the appointment of a receiver in proceedings supplemental to execution, in the Superior Court of BEAUFORT County, heard before *Avery, J.*, at Chambers, on June 10, 1887.

The case settled on appeal states that the facts were "admitted," and such of them as are material here were as follows:

"On September 22, 1885, defendant W. A. Harvey and wife Caroline conveyed to Thomas Coffee a tract of land containing sixty-eight acres. This land was the separate estate of said Caroline. The consideration of the conveyance was $2,700. Upon the same day the said Coffee executed a mortgage to secure the sum of $2,200, a part of the purchase money due by Coffee for the land, payable in three notes for $733.33 each, on January 1, 1887, 1888 and 1889; the mortgage was executed to William A. Harvey individually, and the notes were payable to him individually, and not to his wife. The said Caroline intrusted to her husband the management of her business, and the notes were taken in the name of her husband without the knowledge and consent of the said Caroline, but through the mistake and ignorance of the husband, William A. Harvey. These notes were deposited with defendant George H. Brown, Jr., with her (Caroline's) consent, as collateral security for money lent, amounting, with interest added to May 1, 1887, to $562.37.

"These are the notes for which plaintiff moves for the appointment of a receiver to collect and apply to the judgment debts

"The said Caroline filed her interplea in this cause, claiming the notes as her separate estate.

"The amount due the defendant Brown, and for which the notes were pledged, has not been paid."

The motion was denied, and the plaintiff having excepted, appealed to this Court.

*Mr. J. H. Small*, for the plaintiffs.
*Mr. Chas. F. Warren*, for the defendants.

MERRIMON, J. (after having stated the case as above). The appellant suggested that the Court should have found the facts of the proceedings, but this suggestion must go for naught, because it is stated in the case settled on appeal that they were admitted. This Court must act upon the case settled. Accepting the facts as they appear, obviously the motion was properly denied. It did not appear probable that the judgment debtor had any property, rights or credits as to which a receiver was required. The notes mentioned were not his, but belonged to his wife. The mere fact that they were made payable to the husband did not make them his, if in fact they were the property of the wife, and that they were, was admitted. The case so states. *Cunningham* v. *Bell*, 83 N. C., 328; *Williams* v. *Green*, 68 N. C., 183.

A receiver will not be appointed as of course in such proceedings, but only when it appears probable that one is necessary to do something in respect to the property of the judgment debtor, to the end it may be properly applied to the payment of the judgment of his creditor. *Coates* v. *Wilkes*, 92 N. C., 376.

At the end of the case settled on appeal appears a " supplemental statement " of suggested assignments of error. These we cannot consider, because, although they were brought to the attention of the Court, it declined to make them a part of the case settled for this Court. It was not bound to do so nor to send up a statement thereof. In settling the case as required by the statute (*The Code*, § 550), the Judge will consider the statement of the case made by the appellant and the specified amendments proposed and objections made thereto by

the appellee; but is not bound to accept such statement or the amendments proposed as true, or to make the same a part of the case settled. From them and data and facts within the knowledge of the Judge, he must settle the exceptions and assignments of error. Such settlement imparts absolute verity, while it remains a record, and this Court considers and decides the questions of law presented by it, and none others, except such as may arise upon the face of the record proper.

The very purpose of the statute, when the parties differ as to the exceptions and assignments of error, is to require the presiding Judge to determine—settle—what they are, with reasonable certainty and fullness. Only the facts necessary to an intelligent understanding of the questions of law intended to be presented should be stated in the proper connection. Of course " the written instructions signed by the Judge, and written requests for instructions signed by the counsel, and the written exceptions, shall be deemed conclusive as to what such instructions, requests and exceptions were"; because the statute so declares, and these, when they exist, should be made a part of the case settled. They constitute certain evidence. The statement of the case settled should state fairly every question raised by the appellant at the proper time. This the law requires, and otherwise injustice might be done. But, on the other hand, the Judge should not allow exceptions and assignments of error not made in the orderly course of the action. In appeals the rights of the appellee must be observed and protected as well as those of the appellant. *State* v. *Gooch*, 94 N. C., 982; *Tayloe* v. *Steamship Co.*, 88 N. C , 15.

Affirmed.