### THE STATE v. TOM FARRAR.

*Amendment—Record.*

The Court had the power, and did not commit error in ordering the record of the trial of a criminal action to be amended by inserting the plea of not guilty after verdict, when all the circumstances connected with the trial showed that both the State and the defendant had proceeded upon the assumption that the plea had been in fact made, but its formal entry of record had been inadvertently omitted.

APPEAL from February Term, 1889, of CHATHAM Superior Court, *Bynum, J.,* presiding.

*The Attorney General,* for the State.
*Mr. T. B Womack,* for the defendant.

MERRIMON, C. J.: It appears that the defendant was indicted, put upon his trial and convicted for larceny at the February Term of the present year of the Superior Court of the county of Chatham; that, after the verdict of guilty, he moved in arrest of judgment, upon the ground that the plea of not guilty had not been entered of record; that this motion was denied and judgment entered against him, from which he appealed to this Court. In this Court, at the last term thereof, the transcript of the record was found to be so defective that the case was remanded, to the end the record in the Court below might be perfected and a proper transcript thereof certified to this Court. *State* v. *Farrar,* 103 N. C., 411.

At the present term, a sufficient transcript of the record has been filed, from which it appears that, at the last May Term of the Court below, it entered the plea of not guilty

*nunc pro tunc,* having found the facts that, at the trial, "the Solicitor for the State and the defendant's counsel all tried the case, and it was considered by all that the plea of not guilty had been formally pleaded and entered on the record, and, through mere inadvertence, the plea was not entered on the record by the Clerk." This was not discovered "until the verdict had been rendered," &c.

Very certainly the Court had authority, and it was its duty, to amend its record so as to make it speak the truth as to what had been improperly entered by mistake, inadvertence, neglect, or fraud, and to make proper entries on the record of what was really done in the course of the action, omitted by reason of any of the causes mentioned, to be entered as the same should have been at the proper time. The Court found as a fact that the plea of not guilty was really pleaded, and that the Clerk inadvertently omitted to enter it. The case was tried as if it had been entered. It was, in fact, pleaded, and the defendant suffered no prejudice by the omission. The Court properly allowed the plea to be entered as of the time it was pleaded. *McDowell* v. *McDowell,* 92 N. C., 227; *Cook* v. *Moore,* 100 N. C., 294; *Brooks* v *Stevens, id.,* 297; *State* v. *Harrison,* decided at this term.

The records, as amended, show that there was no ground for the motion in arrest of judgment. It was properly denied.

There is no error, and the judgment must be affirmed.

Affirmed.