## NANNIE S. BOGGESS v. A. M. HARRIS.

### Decided March 11, 1897.

1. Appeal—Alteration of Record—Jurisdiction.

On appeal being perfected the Appellate Court obtains jurisdiction over the case, but the trial court retains custody of and jurisdiction over the record therein, and it, and not the Appellate Court, has jurisdiction to determine the correctness of or change such record. (P. 477.)

2. Same.

It was error for the Court of Civil Appeals to strike out the statement of facts from a transcript duly certified, on determining, after hearing affidavits, that it had been changed by appellants' counsel inserting matter therein after it was certified by the judge presiding in the trial court, and to proceed to determine the case as though no statement were in the record. (P. 477.)

3. Same.

Such court might delay proceedings till appellee could, by appropriate proceedings, have the court below determine the question and make its records speak the truth, and thereupon issue a certiorari to bring up the corrected record. (P. 477.)

4. Same—Cases Distinguished.

Such case distinguished from those involving the determination by the Appellate Court of matters affecting its jurisdiction. (Harris v. Hopson, 5 Texas, 529; Dial v. Rector, 12 Texas, 99; and Hart v. Mills, 31 Texas, 304.) (Pp. 477, 478.)

5. Same—Query.

Whether, upon proper showing that the record had been tampered with by appellant, the Appellate Court may decline to consider the statement or dismiss the appeal as a means of deterring litigants from such practices. (P. 478.)

6. Attorney—When Client Not Responsible for Acts Of.

To change the record in a case is not within the scope of an attorney's employment, and, in the absence of knowledge by or authority from the client, his right to have his case determined can not be prejudiced by such act of his attorney. (P. 478.)

7. Altering Record—No Improper Motive.

See opinion for circumstances held not to show that alteration in statement of facts was made with improper motive nor to justify a refusal by Appellate Court to consider it. (Pp. 478, 479.)

ERROR to Court of Civil Appeals, Third District, in an appeal from McLennan County.

No briefs have reached the Reporter.

DENMAN, ASSOCIATE JUSTICE.—The body of the certificate of the District Clerk to the transcript in this cause is: "That the above and foregoing fifteen pages contains a true and correct copy of all the proceedings had and done on the trial of cause of number 143, entitled Nannie S. Boggess v. A. M. Harris, as the same appears of record and on file in this court." After plaintiff in error filed her transcript in the Court of Civil Appeals, defendant in error filed a motion therein to strike out the statement of facts, on the ground that certain words were inserted therein by counsel for plaintiff in error, without the consent of the trial judge, after the same had been approved and filed in the trial court. The Court of Civil Appeals, after hearing affidavits of both sides upon said motion, sustained same, struck out the entire statement of facts, and affirmed the judgment, on the ground that, since the questions raised

in the brief of appellant arose out of the evidence offered upon the trial, they could not be considered in the absence of a statement of facts.

Plaintiff in error assigns as error here the action of the Court of Civil Appeals in striking out the statement of facts and affirming the judgment.

Upon the perfection of the appeal jurisdiction of the case vested in the Court of Civil Appeals; but the trial court retained custody of and jurisdiction over the record thereof so far as made therein. A certified copy thereof, usually termed the transcript, was filed in the Court of Civil Appeals for its information in regard to the proceedings had in the former court. If the clerk had copied any paper into this transcript which upon the face thereof appeared to have been improperly included therein, the Court of Civil Appeals would of course have disregarded same in determining the cause. If however, as in this case, a paper which is prima facie properly part of the transcript be correctly copied therein and it is sought to strike it out in whole or in part by showing that a portion thereof, as it appears on file in the lower court, was improperly written therein, the proceedings for that purpose can only be had in the court having jurisdiction of the original record of which said paper is a part; for, in the absence of some special provision, each court has exclusive jurisdiction of proceedings to determine the correctness of or to change the face of its own records. Therefore the Court of Civil Appeals were without jurisdiction to determine whether the portion of the statement of facts objected to was improperly written therein; but, upon the filing of said motion, it might have delayed proceedings in the cause until appellee could by appropriate proceedings have had the court below determine that question and make its records speak the truth, and thereupon might have issued a writ of certiorari to bring up such corrected record, and this course can still be taken. (Urquhart v. Ury, 27 Texas, 6; Live Oak Co. v. Heaton, 39 Texas, 499; Trawick v. Martin Brown Co., 74 Texas, 525; Ballance v. Leonard, 40 Ill., 72; Railway v. Garish, id., 70; Rowley v. Hughes, id., 71; Wilder v. House, id., 92; Buckman v. Whitney, 24 Cal., 267; Wilcox v. Majors, 88 Ind., 203; State v. Farrar, 104 N. C., 702, 10 S. E. Rep., 159; Saxon v. State, 116 Ind., 6, 18 N. E. Rep., 268; Lee Chuck v. Quan Wo Chung Co., 81 Cal., 222, 22 Pac. Rep., 594; Colerick v. Hooper, 3 Ind., 316; State v. Cromwell, (N. Y.) 10 N. E. Rep., 270; State v. Scheper (So. Car.), 11 S. E. Rep., 623; Stephens v. Bradley, 23 Fla., 393, 2 So. Rep., 667; Martin v. Railway, 53 Ark., 250, 13 S. W. Rep., 765; Thom v. Wilson, 24 Ind., 323; Gamble v. Gibson, 83 Mo., 290; Rodman v. Harvey, 102 N. C., 1, 8 S. E. Rep., 888; Boston v. Haynes, 31 Cal., 107; Satterlee v. Bliss, 36 Cal., 521; Bonds v. Hickman, 29 Cal., 460; Lytle v. Lytle, 37 Ind., 283; Mahaffy v. Mahaffy, 63 Iowa, 55; Brier v. Railway, 66 Iowa, 602; Hughes v. Stanley, 45 Iowa, 622; Peterson v. Swan, 119 N. Y., 662; Welch v. Smith & Co., 65 Miss., 394.) This is not a case where the court was called upon to determine some matter affecting its jurisdiction as in Harris v. Hopson, 5 Texas, 529; Dial v. Rector, 12 Texas, 99; and Hart v. Mills, 31 Texas, 304.

See cases distinguished in Brown v. Torrey, 22 Texas, 55. It may be doubted whether as an original question it would not have been the correct practice in Harris v. Hopson for the Supreme Court to have delayed proceedings until the record could have been corrected in the court below, showing the true date of filing the bond, and then have procured by certiorari or otherwise a copy of such corrected record for its information on that point. While we do not feel inclined to question the authority of that case and those based thereon we think they should be limited to jurisdictional questions.

Though it be conceded that the Court of Civil Appeals had no jurisdiction to determine whether the objectionable matter was improperly written therein, for the purpose of ascertaining what portion of the transcript was the real record to be considered by it in passing upon the case, still the question arises under the above assignment, did that court have power to investigate the charge made by the motion and if found correct to decline to consider the entire statement of facts, as it did, or even to dismiss the appeal as a means of deterring litigants from tampering with the records. The motion charged that after the statement of facts had been approved by the trial judge and filed with the clerk, and had thus become a part of the record, counsel for plaintiff in error, without the knowledge or consent of said judge, interlined therein the following words, "that plaintiff and her husband had been in possession since February, 1884." No charge is made that plaintiff in error authorized her attorney to make the addition. We are of opinion that such act was clearly beyond the scope of her attorney's authority and therefore not her act in legal contemplation. Her legal right to have the case reviewed in the Appellate Courts on the real record made below could not be defeated by an unauthorized change made therein by an attorney employed, not for that purpose, but to conduct the cause in a lawful manner. She can no more be deprived of such right for such a cause than a plaintiff could be denied a judgment upon a note according to its original tenor on the ground that the attorney to whom it was delivered for collection had thereafter made an unauthorized change therein. It has been even held that where an attorney without authority from the client received notes in settlement of a judgment, stating to the client that he had taken them as collateral thereto, the client was not bound by the settlement. Anderson v. Boyd, 64 Texas, 108. It seems too clear for discussion that if an attorney has no authority to receive anything but money in settlement of a judgment, he cannot destroy the client's right to an appeal by his unauthorized wrongful act. Again the motion does not charge that the addition was made from an improper motive, and the affidavits show that the statement interlined was in fact included in the original statement of facts as agreed upon by counsel for both parties, but was erased by the judge before approving and filing same, and that soon thereafter it was re-written therein by counsel for plaintiff in error, as he claims, by the authority of the judge, the judge however claiming that he only authorized it to be re-inserted with the consent of counsel for defendant in

error, which was not obtained.    We are therefore of opinion that if every fact charged in the motion be true, still the Court of Civil Appeals should not have refused to consider the statement of facts for the reason, as above stated, that it was not charged or shown that the addition was made by authority of plaintiff in error and from an improper motive. This conclusion renders it unnecessary for us to determine the power of the Court of Civil Appeals to hear the motion for the purpose indicated in the question above stated.    A similar motion was entertained in Montgomery v. Gorrell, 49 Ind., 230, but the court having found (1) that the alterations were made before the bill of exceptions, etc., were signed, and (2) that there was no improper motive, the appeal should not be dismissed but the parties should be left to the usual methods of correcting the record.    The attention of the court does not seem to have been directed to the question as to whether the attorney by virtue of his general employment could bind or prejudice the right of the client to an appeal by such unlawful act, nor was any question made as to the power of the court to hear such a motion.    We have not found any other case where such a motion has been made.    While we are convinced of the correctness of our conclusion in this case that the client can not be deprived of his appeal by the unauthorized wrongful act of the attorney, and therefore do not feel called upon to go further, yet we do not wish to be understood as intimating that, if the motion had charged and the affidavits had shown that the act was done by authority of plaintiff in error and from an improper motive, the Court of Civil Appeals would have been without power in its discretion to have refused to consider the statement of facts or to have dismissed the appeal.

For the error of the Court of Civil Appeals in striking out the statement of facts and affirming the judgment for want of one, their judgments will be reversed and the cause remanded to that court in order that they may pass upon the assignments based thereon.

*Reversed and remanded to Court of Civil Appeals.*