NORMAN SMITH, v. THE DISTRICT COURT OF THF STATE OF
Iowa in and for Mahaska County.

**Criminal law:** CORRECTION OF JUDGMENT: NUN PRO TUNC ORDER: CER-
TIORARI.  The trial court has no power in a criminal case to
correct the original judgment of imprisonment, after the same
has been executed, by a *nunc pro tunc* order adding a fine
thereto; and certiorari is the proper remedy for reviewing such
order.

SATURDAY, DECEMBER 15, 1906.

WRIT of certiorari was sued out in this court and proper
return was made.    John T. Scott, Judge.    Order of district
court annulled.

*Liston McMillen,* for petitioner.

*John N. McCoy,* for defendant.

LADD, J.— Judgment was spread upon the records of
the district court May 13, 1898, that the petitioner serve a
term of one year in the penitentiary at Ft. Madison, and pay
the costs of his conviction of the crime of manslaughter.    The
sentence was executed.    On the 26th day of March, 1906,
nearly six years afterwards, the county attorney filed a mo-
tion for a *nunc pro tunc* order correcting the judgment by
inserting therein a fine of $500, on the ground that it was a
part of the court's sentence but omitted from the records by
the neglect or oversight of the clerk.    The petitioner was
duly notified of this motion, but did not appear, and the
court, after hearing the evidence, entered the order as prayed.
The power of a court of record to enter judgments *nunc pro
tunc* in civil cases is universally recognized.    *Doughty v.
Meek,* 105 Iowa, 16.    See note to *Ninde v. Clark,* 4 Am. St.
Rep. 823; 1 Black on Judgments, section 126 *et seq.;* 1

Freeman on Judgments, section 56 *et seq.* And the rule is equally well established that mere formal or clerical errors or omissions or mistakes in the entries of the clerk concerning matters of procedure in criminal cases may be corrected by *nunc pro tunc* orders. Thus, in *May v. People,* 92 Ill. 343, *Green v. State,* 19 Ark. 178, and *Burnett v. State,* 114 Tex. 455 (65 Am. Dec. 131), the record was corrected so as to show the return of an indictment, and in *State v. Farrar,* 104 N. C. 702 (10 S. E. 159), and *State v. Fiester,* 32 Or. 254 (50 Pac. 561), so as to show the entry of a plea of not guilty. In *Ex parte Jones,* 61 Ala. 399, the amount of costs was held properly inserted in the judgment of conviction by the trial court at a succeeding term. But the costs are no part of the sentence. *State v. Cook,* 115 N. C. 764 (20 S. E. 513, 29 L. R. A. 261). In *People v. Bemis,* 51 Mich. 422 (16 N. W. 794), the correction of an entry, so as to show the verdict to have been for murder in the first degree and of the sentence made within a month, and, for all that appears, at the same term of court was approved. Mr. Bishop, in his work on Criminal Procedure, says: " The court may order *nunc pro tunc* entries, as they are called, made to supply some omission in the entry of what was done at the preceding term, yet this is a power the extent of which is limited and not easily defined." See, also, *In re Wight,* 134 U. S. 136, (10 Sup. Ct. 487, 33 L. Ed. 865). *Bilansky v. State,* 3 Minn. 427 (Gil. 313) ; *Smith v. State,* 71 Ind. 250. Note to *O'Sullivan v. People,* 20 L. R. A. 143, and cases collected in 19 Enc. Pl. & Pr. 495. *In re Black,* 52 Kan. 67, (34 Pac. 414, 39 Am. St. Rep. 333); *Weatherman v. Commonwealth,* 91 Va. 799, (22 S. E. 349).

But in no case to which our attention has been directed or which we have been able to discover has any court, by the entry of such an order, corrected a former judgment or sentence in a criminal cause by adding a fine or in any way increasing the penalty denounced against the accused. Our statute requires judgment to be pronounced on a day fixed

(section 5431, Code), and a certified copy of the judgment as it appears on the record book " must be forthwith furnished the officer whose duty it is to execute the same, who shall proceed and execute it accordingly " (section 5443). " A judgment for imprisonment, or for imprisonment until a fine is paid, to be executed in the county where the trial is had, shall be executed by the sheriff thereof, and return made upon the execution, which shall be delivered to and filed by the clerk of said court.   Under all other judgments for imprisonment, the sheriff shall deliver a certified copy of the execution with the body of the defendant to the keeper of the jail or penitentiary in which the defendant is to be imprisoned in execution of the judgment, and take his receipt therefor on a duplicate copy thereof, which he must forthwith return to the clerk of the court in which the judgment was rendered, with his return thereon, and minute of said return shall be entered by the clerk as a part of the record of the proceedings in the cause in which the execution issued; and when such defendant is discharged from custody, the jailer or warden of the penitentiary shall make return of such fact to the proper court, and entry thereof shall be made by its clerk as is required in the first instance " (section 5444).

The manifest design is that the sentence of the law shall be speedily executed.   Indeed, this court has held that the courts are without authority to suspend the enforcement of sentences after being pronounced.   *State v. Voss,* 80 Iowa, 467.   And, even where unlawfully suspended, some courts hold that, notwithstanding this and that defendant is at large at his own election, the term of imprisonment begins to run from the date of the judgment.   *In re Webb,* 89 Wis. 354, (62 N. W. 177, 27 L. R. A. 356, 46 Am. St. Rep. 846). *In re Markuson,* 5 N. D. 180, (64 N. W. 939.)   But, in *Miller v. Evans,* 115 Iowa, 101, where the petitioner had been fined $300, and mittimus was not served until his term of imprisonment would have expired had he been incarce-

rated, this court held that the time of execution was not of
the essence of the judgment unless so made by a demand
that it be immediately carried out, and that the prisoner can-
not profit by a delay to which he has assented or in which he
has acquiesced without objection. It does not follow, how-
ever, that after the sentence of the court as it appears of
record has been executed and the judgment satisfied as con-
templated by law, the State may have the record re-examined
and an additional penalty imposed on the pretext that it has
been omitted through mistake. While the sentence is pro-
nounced by the judge it is evidenced by the records only.
*Callanan v. Votruba,* 104 Iowa, 672; *King v. Dickson,* 114
Iowa, 160; *Kennedy v. Citizens' National Bank,* 119 Iowa,
123. It cannot be executed in installments, at least without
the prisoner's assent. It cannot be postponed, even, save by
his consent or acquiescense. He cannot be assumed to know
that the penalty is other than appears of record, even though
he may have heard the sentence. The judge may have noted
it as less in the memoranda in his calendar or possibly have
directed the clerk in making up the record to omit a part.
In any event he is entitled to rely on the record, and, after
the judgment as entered therein has been satisfied, cannot be
held to have acquiesced in any delay thereafter in the cor-
rection of the record or the execution of an additional penalty
omitted therefrom through neglect or inadvertence. The
courts uniformly hold that the record may not be amended
so as to increase the penalty after the term at which the
sentence is pronounced (*Whitney v. State,* 6 Lea [Tenn.]
247; *People v. Whitson,* 74 Ill. 20); and many that a sen-
tence partly served can not be modified even at the same term
(*Grisham v. State,* 19 Tex. App. 504; *In re Jones,* 35 Neb.
502, (53 N. W. 469); *State v. Warren,* 92 N. C. 828; *Ex
parte Lange,* 18 Wall. 163, 21 L. Ed. 872).

In *State v. Dougherty,* 70 Iowa, 439, this court was
careful to limit the authority to change a sentence to a time
before anything had been done thereunder. There must be

a time when the court's jurisdiction over defendant's person by way of punishment ceases. Otherwise, it may continue indefinitely. Can it be possible that such jurisdiction in the same case may be invoked at any time in the future, and, through a *nunc pro tunc* order, not only a penalty added to the one satisfied of record, but the memory of an expiated crime revived? Shall the possibility of such an order be made a constant menace to the liberty of those once convicted of crime? Shall any of these be cast into prison because, forsooth, after the judgment has been satisfied, the memory of those who claim to have heard what the judge said in pronouncing sentence remember it differently than it appears of record? The entire doctrine of correcting records now for then rests upon the necessities in the administration of justice. Notwithstanding the greatest care, errors and omissions will be found in the records, deemed verities, and by this method these are amended lest litigants shall lose the benefits of the adjudication recorded. But the ends of justice will not be served by permitting the State to open the judgment record in a criminal case long after the sentence of the law has been discharged for any purpose, and least of all to insert an additional penalty. To permit this to be done would be like punishing the delinquent the second time for the same offense which is denounced by all of the courts. Ex parte Lange, *supra; Ex parte Williams,* 8 South Fla. 425. Such a course would be contrary to sound public policy and ought not to be tolerated. The State is interested in the reformation of all delinquents, and in having their infractions of the law forgotten upon the expiation of the crime. In several States it is made by statute a misdemeanor for any person thereafter to allude thereto. With the satisfaction of the record in the manner indicated by the statute the entire matter becomes a part of the irrevocable past, and beyond the power of the court to add to or detract from.

The court should have denied the motion, and, as in

entering the judgment it exceeded its jurisdiction, certiorari was the proper remedy.    The motion to dismiss is overruled: The order of the district court is *annulled.*