R. W. Webb, of Snyder, for appellant.
C. F. Sentell, of Snyder, for appellee.

GRISSOM, Justice.

Plaintiff has appealed from a judgment dismissing his case. The case originated in the justice court and plaintiff's pleadings were oral. The record reveals defendant demurred to plaintiff's petition. The court deferred action thereon. After conclusion of the evidence and argument, but before rendition of judgment, plaintiff asked permission to amend his pleadings. The court refused plaintiff permission to amend, sustained the general demurrer and dismissed plaintiff's cause of action. Such action was erroneous. When the demurrer was sustained, plaintiff had the right to amend his petition and plaintiff's case should not have been dismissed unless he failed or refused to do so. Polk v. Almindinger, Tex.Civ.App., 243 S.W. 682, 684; Houston Transfer & Carriage Co. v. Whitcomb, Tex.Civ.App., 147 S.W. 358, 359; Western Union Telegraph Co. v. Ashley, Tex.Civ.App., 137 S.W. 1165; Hunt v. Ziegler, Tex.Civ.App., 267 S.W. 332, 333; Stevens-Etter Co. v. Grain Juice Co., Tex.Civ.App., 285 S.W. 667, 669; Harris v. Higden, Tex.Civ.App., 41 S.W. 412; Boren v. Billington, 82 Tex. 137, 18 S.W. 101; Gulf, C. & S. F. Ry. Co. v. Preston, 74 Tex. 181, 11 S.W. 1108; 33 Tex.Jur. 595. Also see, Crazy Water Co. v. Cook, Tex.Civ.App., 140 S.W.2d 878, writ refused.

The judgment is reversed and the cause remanded.

## ALEXANDER et ux. v. FULLWOOD et al.
### No. 2383.

Court of Civil Appeals of Texas. Waco.
Oct. 17, 1940.

J. S. Simkins and Claude Milburn, both of Corsicana, for appellants.

J. S. Callicutt and Donald Marr, both of Corsicana, for appellees.

ALEXANDER, Justice.

The appellants have filed herein a sworn motion to strike from the transcript in the above cause a certain bill of exception. In the motion it is asserted that the bill of exception in question, with the trial judge's qualifications thereto, was filed in the lower court and brought up as a part of the transcript in this cause without the appellants' knowledge or consent.

It is a well settled rule that an appellate court has no jurisdiction to alter, change or correct a record of the court from which the appeal is prosecuted. 3 Tex. Jur. 759; Foxworth-Galbraith Lbr. Co. v. Realty Trust Co., Tex.Civ.App., 110 S.W.2d 1164; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946.

The proper practice in such case is to apply to the trial court for an order striking out the objectionable matter, or otherwise correcting the record, and then apply to the appellate court for a writ of certiorari to bring up the order of correction or other new matter that has been inserted in the record in the lower court. 3 Tex. Jur. 759, 761; Boggess v. Harris, 90 Tex. 476, 39 S.W. 565.

When applying to the appellate court for a writ of certiorari to bring up such new matter, the application should, where possible, be accompanied by a properly certified copy thereof. When this is done, the appellate court, upon the granting of the application, may order the certified copies that are so attached to the motion filed in the appellate court as a part of the record and thus avoid the circuitous route of actually issuing the writ of certiorari and requiring the clerk of the lower court to send up the new matter. Such practice not only reduces the cost but greatly simplifies the procedure to be followed in the appellate court.

Appellants' motion to strike the bill of exception from the record now on file in this court is overruled.