HICKS v. MATTHEWS.

No. 4779.

Court of Civil Appeals of Texas.
Beaumont.

July 16, 1953.

Motion for Rehearing Denied Sept. 16, 1953.

Second Motion for Rehearing Denied
Oct. 7, 1953.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellant.

Campbell & Foreman, Livingston, for appellee.

ANDERSON, Justice.

Upon the premise that on July 3, 1950, appellant falsely imprisoned him, appellee, Kenneth C. Matthews, recovered judgment in the trial court against appellant, D. W. Hicks, for $10,000 as actual damages and $5,000 as exemplary damages. The judgment was based on a jury's verdict.

Appellee predicated his suit on the alleged illegal and wrongful nature of the arrest itself, and also upon the theory that he was not accorded his legal right to be taken before a magistrate immediately after his arrest and given an opportunity to make bond. He alleged that the arrest was not made under authority of a warrant of arrest, nor under circumstances which in law authorized his arrest without a warrant. He also charged that his request that he be taken before a magistrate and permitted to make bond was ignored by appellant, and that, instead, he was immediately placed in jail.

Appellant's answer consisted of only a general denial and a special plea that at the time appellee was arrested, no magistrate of Polk County who had an office in Livingston was in his office so that appellee could be presented before him, and that because of appellee's "conduct, demeanor, and attitude," appellant deemed it expedient to hold him in jail while a magistrate was be-

ing located. The special plea was added by trial amendment.

Appellant, who was a Texas Highway Patrolman, arrested appellee in or near the town of Livingston, in Polk County, at about 4:00 o'clock, or between 4:00 and 4:-30 o'clock, of the afternoon of July 3, 1950. Appellee was then transported in appellant's patrol car to the county jail in Livingston, where he was locked in a cell. He remained in jail for approximately an hour, and was then released on bond.

Appellant made no contention that he acted by authority of a warrant of arrest when he arrested appellee; but admitted the contrary. He undertook, instead, to justify the arrest without warrant under the Uniform Act Regulating Traffic on Highways, Art. 6701d, Vernon's Ann.Civ. Stat. He contended that by refusing to answer certain of his questions about an accident in which appellee's automobile had been involved during the early morning hours of the preceding day, and in having failed to forward a written report of the accident to the Department of Public Safety within 24 hours after the accident occurred, appellee violated Sec. 44 of the aforesaid act. He further contended that Sec. 153 of the Act authorized him to arrest appellee without warrant for these alleged violations.

The sections of the Act referred to follow:

"Sec. 44. (a) The driver of a vehicle involved in an accident resulting in injury to or death of any person or total property damage to an apparent extent of Twenty-five ($25.00) Dollars or more shall, within twenty-four (24) hours after such accident, forward a written report of such accident to the department.

"(b) The department may require any driver of a vehicle involved in an accident of which report must be made as provided in this Section to file supplemental reports whenever the original report is insufficient in the opinion of the department and may require witnesses of accidents to render reports to the department.

"(c) Every law enforcement officer, who, in the regular course of duty, investigates a motor-vehicle accident of which report must be made as required in this Section, either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses shall, within twenty-four (24) hours after completing such investigation, forward a written report of such accident to the department."

"Sec. 153. Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act."

It was undisputed that appellee's automobile had been involved in an accident about 2:00 A.M. on July 2nd, and had sustained damage in excess of $25. The accident occurred in Polk County. The automobile ran off the highway and into a rough ditch. Appellee, another young man, and two young ladies were riding in it at the time. One of the young ladies testified she was driving the automobile when the accident occurred. Her testimony was corroborated by that of both the other young lady and appellee. The only evidence to the contrary was supplied through a written statement appellee had signed in support of his claim for benefits under an insurance policy that covered damage to his automobile. In that statement, which was introduced in evidence by the defendant, appellee had represented that he was driving the car when the accident occurred.

Appellant, in company with a garageman from Huntsville, Texas, who had come for appellee's car, sought appellee out during the afternoon of July 3rd. He had not previously seen appellee since the accident occurred. He encountered appellee just after the latter had emerged from an apartment in which the two young ladies who had been in the car at the time of the accident resided. The apartment was situated only a short distance from the court house in Livingston. Appellant accosted appellee and commenced to question him about the accident. Appellant was dressed in his official uniform and was purporting to act in his official capacity as a State Highway Pa-

trolman. Appellee refused, or at least failed, to answer certain of appellant's questions, and may even have refused to show his driver's license to appellant. The arrest followed.

Appellee did not claim to have forwarded a written report of the accident to the Department of Public Safety within 24 hours after the accident occurred. The evidence leaves it doubtful, however, that appellant knew or had been informed at the time he arrested appellee that appellee had not forwarded such a report within the 24-hour period. Appellee testified during the trial that he had mailed a report to the Department during the morning of the day on which he was arrested.

Appellant neither took appellee before a magistrate nor attempted to do so before placing him in jail. Appellee testified that he requested appellant to do so. Appellant introduced evidence which tended to show that the Justice of the Peace, the County Judge, and the District Judges, were all out of their offices at the time he arrested appellee. After he had placed appellee in jail, appellant sent a deputy sheriff in search of the Justice of the Peace, and himself went to his office to prepare complaints against appellee. The Justice of the Peace was located at his home in Livingston and arrived at his office about the time appellant had completed preparation of the complaints. Shortly afterwards appellee's attorney appeared on the scene and posted bond for him.

Appellant filed two complaints against appellee. In one he charged that appellee did "refuse to information an accident where motor vehicle had damage of more than $25.00 twenty five dollars and personal injury to said parties involved in same." In the other he charged that appellee did "drive or permit to be driven a passenger motor vehicle upon a public highway U. S. 59 having accident with damage exceeding $25.00 twenty five dollars and fail to make accident report as required by law in 24 hours."

Aside from an issue inquiring as to whether the plaintiff should be allowed exemplary damages, and the two damage issues themselves, the following is the only special issue the jury answered, and the only one it was necessary for it to answer under the accompanying instructions contained in the court's charge:

"Special Issue No. 1: Do you find from a preponderance of the evidence that at the time of the arrest in question neither of the magistrates was in his office, or reasonably available, for the presentment of Kenneth C. Matthews?"

The jury answered this issue, "No".

We set out the following damage issue also, for whatever bearing it may have on the matters hereinafter discussed:

"Special Issue No. 3: What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate plaintiff, Kenneth C. Matthews, for the actual damages, if any, sustained by him on the occasion in question, as a direct result of the detention and incarceration of plaintiff, Kenneth C. Matthews, without having been carried immediately before a magistrate having jurisdiction of either of the offenses with which he is charged."

Appellant filed no objections or exceptions to the court's charge. Neither did he request any special charges nor the submission of any additional special issues. He made a motion for an instructed verdict, which was refused; and later made a motion for judgment non obstante veredicto, which was likewise refused. The correctness of the rulings of the trial court on these motions is the first question with which we are confronted. And we have concluded that the court was correct in both instances.

By merely showing that he had been arrested and deprived of his liberty against his will—a fact about which there was no dispute—appellee made out a prima facie case of false imprisonment. The burden was upon appellant to show lawful authority for the arrest. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Castillo v. Canavati, Tex.Civ.App., 152 S.W.2d 785, error

refused; Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463. It was therefore incumbent on appellant, in order to defeat appellee's suit, to establish by evidence each necessary element of some offense committed by appellee, for which the law sanctioned appellee's arrest without a warrant, and that the offense was committed under such circumstances as authorized an arrest without a warrant; or else that some other fact situation authorizing the arrest without warrant existed. In the absence of evidence conclusively showing these things or else requiring that controverted issues of fact pertaining thereto be submitted to the jury, only the question of the amount of damage sustained by appellee as a result of his false imprisonment remained for the jury's determination. Joske v. Irvine, supra; Gold v. Campbell, supra; Texas & P. Ry. Co. v. Parker, 29 Tex.Civ.App. 264, 68 S.W. 831, error refused.

Appellant undertook, as aforesaid, to show that appellee had violated Art. 6701d, Sec. 44, Vernon's Ann.Civ.Stat., in the respects already mentioned. The only elements of this defensive theory which may be accepted as having been established by uncontroverted evidence are: (1) That appellee refused to answer certain of appellant's questions about the accident. (2) That appellee had failed to forward a written report of the accident to the Department of Public Safety within 24 hours after the accident occurred. For the purposes of this discussion, however, we are going to assume that at the time he arrested appellee, appellant knew that appellee had not forwarded the written report to the Department within 24 hours after the accident occurred. But even so, these facts, standing alone, do not show that appellee had violated Sec. 44 of Art. 6701d, nor do they reflect a situation under which appellant was authorized by our statutes to arrest appellee without a warrant.

■ Neither the driver of a vehicle involved in an accident nor witnesses to such an accident are required by Sec. 44 of the statute to make oral report of the accident to the Department of Public Safety or to any law enforcement officer. The only reports required or contemplated by this section of the statute are written reports. Section 44(a) expressly provides that the driver's report shall be in writing. And when Sec. 44(b) is read in context, there can be no doubt that it contemplates that not only the supplemental report of the driver but also the reports of witnesses, when required, shall likewise be in writing. Section 44(c) imposes no burden on either the driver of the automobile or witnesses of the accident. It only imposes the duty on investigative officers to forward written reports of accidents to the department within 24 hours after completing their investigations. We have concluded, therefore, that appellee was not required by the provisions of Sec. 44 of the statute to answer the questions asked him by appellant about the accident, and did not violate the statute by refusing to answer them. The correctness of this conclusion is rendered more certain by the provisions of Sec. 47 of the same statute, which provides: "All accident reports * * * shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other State agencies having use for the records for accident prevention purposes * * *." The confidential nature of the report would be destroyed in advance if one were required—as appellant sought to require appellee—to answer an officer's questions in the presence of others.

Appellee's failure to forward a written report of the accident to the Department of Public Safety within 24 hours after the accident occurred did not constitute a violation of Sec. 44 of the statute unless by the terms of the statute he was required to forward the report. He was under no duty to do so unless he was driving the automobile when the accident occurred. If he was not the driver, but only a witness of the accident, he was under no duty to render a report to the Department unless and until the Department required him to do so. Therefore, before appellee's failure to forward a report of the accident to the Department of Public Safety within 24 hours after the accident occurred could avail appellant as

authorizing the arrest without warrant (presupposing that appellee's established guilt of such an offense would have authorized the arrest without warrant—a question on which we make no decision), it was necessary that appellant prove that appellee was driving the automobile when the accident occurred.

■ Appellee and the two young ladies who had been in the automobile with him were the only witnesses who testified upon the trial as to who was driving when the accident occurred. All of them testified positively that one of the young ladies was driving. The only evidence tending to show that appellee was driving was his representation to that effect, made to an insurance company shortly after the accident. This bit of evidence could have done no more, in the face of the positive testimony of appellee and the other witnesses to the contrary, than raise an issue of fact for the jury as to whether appellee was or was not driving when the accident occurred. The issue was neither submitted to the jury nor requested by appellant. The affirmative defensive theory of which it was a necessary element was therefore waived by appellant. Rule 279, Texas Rules of Civil Procedure.

Counsel for appellant assert in their brief that on the trial, appellee did not pursue his wrongful arrest grievance but rested his case on appellant's failure to take him before a magistrate immediately. The assertion is no doubt based on the two special issues hereinabove copied; i. e., on the fact that the first issue, inquiring as to the availability of a magistrate, was the only issue designed to affect appellant's liability that was submitted to the jury, and on the fact that the damage issue called for a finding as to the damage sustained by appellee as a direct result of his detention and incarceration "without having been carried immediately before a magistrate". We feel, however, that counsel have misconstrued the purpose and import of the issues.

■ We have no doubt that the first issue was submitted as a defensive issue. It

was framed so as to place the burden of proof on the defendant, and pertained to a matter that the defendant had by trial amendment specially plead in defense. And we see nothing in the form of the damage issue to indicate that appellee had abandoned his wrongful arrest grievance, or that the trial court was not proceeding upon the theory that the arrest was wrongful from the beginning. The issue did not undertake to restrict the damages to those sustained by appellee after he should have been taken before a magistrate, but was broad enough to embrace all stages of his arrest and detention.

As the record stands before us, we must presume in support of the judgment that the trial court found as a matter of law that the arrest was illegal and wrongful from the beginning. Appellant was therefore guilty of a trespass ab initio and was legally liable for all of its consequences. His failure to take appellee before a magistrate was not a matter of controlling importance under the circumstances.

This conclusion has the effect of disposing of a number of appellant's points of error. For instance, his contention that there was no evidence to support the verdict of the jury, and that the verdict does not support the judgment is without merit. Also, his points urging that argument of counsel for appellee constituted error primarily because the question of wrongful arrest was not before the jury for its consideration must be overruled. We have reviewed the portions of the argument complained of, and are of the opinion that the argument was not improper in view of the evidence and the nature of the case.

■ Appellant's only remaining points urge that the findings of the jury on the issues of actual and punitive damages are so grossly excessive as to be without support in the evidence and as to demonstrate that the jury was actuated by some improper motive or influence. We find the evidence sufficient to support an award of both actual and punitive damages, but agree that the amount found by the jury is excessive in each instance. Mental anguish suffered

and to be suffered by appellee was the only element of actual damage shown by the evidence or submitted for the jury's consideration. Appellee claimed to have been embarrassed by the incident to the extent that he subsequently shunned his former haunts and friends; that he felt when he was around other people that his arrest was being commented upon; and, that for fear she would hear of his arrest and incarceration, he had twice requested his mother to postpone proposed visits.

■ We feel that the verdict was so excessive as to indicate that the jury was probably actuated by some improper motive, but if so, the taint was restricted to the damages assessed, because no issue controlling liability was before the jury. In such circumstances, where the only error appearing is the excessiveness of the damages, this court is required to find to what extent the verdict and judgment are excessive, and give the appellee an opportunity to file remittitur for the excess. Rule 440, T.R.C.P., Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993. We accordingly find that the amount adjudged in favor of appellee as actual damages is excessive to the extent of $9,500, and that the amount adjudged in his favor as exemplary damages is excessive to the extent of $4,500. Appellee is granted twenty days from the date of this opinion within which to file remittitur of these amounts. If such remittitur is filed, the judgment of the trial court will be reformed and affirmed. Otherwise, it will be reversed.

### On Motion for Rehearing

Pending disposition of his motion for rehearing, appellant has been granted leave to amend the record and supplement the transcript so as to bring before this court the written objections which he made to the original draft of the trial court's charge to the jury. The motion having been accompanied by a certified copy of the objections, showing them to have been presented to and acted upon by the trial judge and duly filed, the certified copy was ordered filed, in lieu of ordering up a supplemental transcript.

Rule 428, T.R.C.P.; Alexander v. Fullwood, Tex.Civ.App., 143 S.W.2d 646. The record as amended reflects that appellant made the following objections to the original draft of the issue submitting the question of damages, which issue was apparently special issue No. 1: "Defendant objects to Special Issue No. 1 because the court inquires therein of the amount of damages which the plaintiff has sustained as a direct result of the 'arrest' and detention of the plaintiff without first having been carried before a magistrate, in that such inquiry permits the jury to assess damages in favor of the plaintiff for the arrest, itself, which, under the undisputed evidence in this case, was lawful though the arrest was made without authority of a warrant. The only actual damages which the plaintiff could possibly have suffered, if any, was damages which resulted from the failure of the defendant to present the plaintiff before a magistrate before the plaintiff was placed in jail. Consequently, in order to properly submit the issues involved, the court should delete from such issue the question of such damages as plaintiff may have suffered as a result of the arrest, but should confine the inquiry alone to the amount of damages which the plaintiff has sustained and will sustain as a result of the failure of the defendant to present the plaintiff before a magistrate after the arrest but before the plaintiff was incarcerated." The objections bear the certificate of the trial judge, showing them to have been timely presented, and to have been overruled and refused, "except insofar as it may appear that the charge has been modified in conformity therewith." The damage issue, as finally submitted, did not use the word "arrest", but only inquired as to the damages sustained by the plaintiff "as a direct result of the detention and incarceration * * * without having been carried immediately before a magistrate having jurisdiction of either of the offenses with which he is charged." This issue, special issue No. 3, is set out in full in our original opinion.

In his motion for rehearing, appellant has assigned error to the holding in our original

opinion that special issue No. 3 did not undertake to restrict the damages to those sustained by appellee after he should have been taken before a magistrate, but was broad enough to embrace all stages of his arrest and detention. He has also assigned error to our holding that in answering special issue No. 3 the jury was authorized to consider the damages sustained by the appellee as a result of his initial detention without a warrant of arrest. It was in connection with these assignments that the objections to the original draft of the court's charge were brought forward.

The original draft of the court's charge is not before us, but for the purposes of this discussion we shall infer from the objections above set out that the word "arrest" was used in the original draft, and, in deference to the objections, was omitted from the final draft of the issue by which the question of actual damages was submitted to the jury.

We adhere to the views expressed in our original opinion that under the facts as proved the arrest without warrant was illegal and constituted false imprisonment. We also adhere to our holding that appellant was guilty of a trespass ab initio and was therefore legally liable for all of its conseqences. The subsequent detention and incarceration of appellee were a continuation of the initial trespass and were consequences of it for which appellant was liable without regard to his failure to take appellee before a magistrate immediately. The restraint and incarceration were illegal and wrongful from their inception and throughout their continuation, and they would not be rendered any the less so by appellee's failure to insist on his right to recover damages for the initial arrest, nor by the court's action in improperly restricting the jury to a consideration of only a part of the wrongful detention when assessing the damages.

Therefore, if we were in error in holding that special issue No. 3, as submitted, did not exclude the initial arrest from the jury's consideration, and if in fact the issue did exclude it, and the jury so construed the issue, no different disposition of the appeal is required. Under such circumstances the issue was more favorable to appellant than the law and facts warranted. The exclusion was to appellant's benefit rather than to his detriment.

In addition to the assignments already discussed, appellant assigns error to our holding that appellee was under no duty to file an accident report. He avers that at the time of the accident, the driver of appellee's automobile was acting as appellee's agent, and that therefore Section 145 of Art. 6701d, Rev.Civ.Stat., required appellee to file a report.

Section 145 reads as follows: "Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of, any act declared herein to be a crime, whether individually or in connection with one or more other persons or as a principal, agent, or accessory, shall be guilty of such offense, and every person who falsely, fraudulently, forcibly, or wilfully induces, causes, coerces, requires, permits, or directs another to violate any provision of this Act is likewise guilty of such offense."

The offense or offenses which appellee was supposed to have committed were not based on the manner in which his automobile had been driven, nor on the fact that it had been driven into a ditch and wrecked, but upon his failure to forward a report of the accident. As regards his failure in this respect, the evidence wholly fails to show any relationship between appellee and the driver of his automobile, or anything transpiring between them, that would make the foregoing Section of the Article applicable.

The remaining assignments have been sufficiently disposed of in our original opinion.

Appellant's motion for rehearing is therefore overruled.