Opinion issued January 11, 2007





 














 


In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00689-CV






JOHN FRANK MCKNIGHT, Appellant


V.


MARSHALL DAVIS BROWN, JR., Appellee






On Appeal from the 133rd District Court 

Harris County, Texas

Trial Court Cause No. 2003-43149






CONCURRING MEMORANDUM OPINION

 

Appellant, John McKnight, moved for rehearing of our court's opinion and
judgment issued April 13, 2006. McKnight sued Marshall Brown, appellee,
claiming abuse of process, false imprisonment, and violation of his civil rights
under 42 U.S.C. ' 1983, arising out of his allegedly unlawful confinement for
contempt of court in an underlying family court case. The trial court granted
summary judgment. Our court affirmed, holding that (1) McKnight did not
challenge on appeal Brown's no-evidence motion with respect to damages for the
false imprisonment and section 1983 claims, and (2) McKnight's affidavit
evidence regarding his damages was conclusory, and thus the trial court did not err
in granting summary judgment on that basis for the abuse of process claim. In his
motion for rehearing, McKnight contended that the law presumes nominal
damages for the unlawful deprivation of liberty, and thus the summary judgment
evidence raised a fact issue as to damages. See, e.g., Hicks v. Matthews, 261
S.W.2d 207, 210 (Tex. Civ. App.--Beaumont 1953), rev'd on other grounds, 266
S.W.2d 846, 849-50 (Tex. 1954); Fouraker v. Kidd Springs Boating & Fishing
Club, 65 S.W.2d 796, 797 (Tex. Civ. App.--Dallas 1933, no writ). We requested
and received a response to the motion. 

While the motion for rehearing was pending, the parties announced a
settlement. They now move to dismiss the cause pursuant to their settlement
agreement, and I join the court's judgment dismissing the appeal pursuant to the
agreement of the parties. Because I would withdraw our earlier opinion, however,
I do not join the supplemental opinion of the court.Dismissal Pursuant to SettlementTexas Rule of Appellate Procedure 42.1(c) provides: "In dismissing a
proceeding, the appellate court will determine whether to withdraw any opinion it
has already issued. An agreement or motion for dismissal cannot be conditioned
on the withdrawal of the opinion." Tex. R. App. P. 42.1(c). The supplemental
opinion notes that the parties did not ask that we determine whether to withdraw
our opinion, but regardless of any request of the parties, Rule 42.1(c) provides that
we are to do so. Id. The motion for rehearing raises an aspect of our decision that
deserved reconsideration on the merits. Because that consideration was pending at
the time the parties announced settlement, in my view we should vacate the
opinion and simply dismiss the case pursuant to the parties' settlement agreement.

Summary Judgment on Damages for Abuse of Process 

 On appeal, McKnight did not contest the trial court's summary judgment
with respect to damages for his false imprisonment and section 1983 claims; thus,
in our earlier opinion, we properly affirmed the trial court's judgment on those
grounds. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). The
abuse of process claim, however, is a different matter. For that claim, McKnight
contended on appeal that he raised evidence sufficient to raise a fact issue with
regard to his damages. McKnight's supporting summary judgment affidavit,
although conclusory with respect to the nature of his actual damages, recites the
fact of his incarceration. In Brown's motion for summary judgment in the trial
court, he concedes that McKnight was incarcerated for contempt of court. In
addition, in granting McKnight's request for a writ of habeas corpus, our sister
court noted the fact of his incarceration. (1) 

We did not fully consider this argument in our opinion affirming summary
judgment on damages, and we did not address the merits of other bases for
upholding the summary judgment on the abuse of process claim, should we have
concluded a fact issue as to damages existed. Both are matters that the parties
asked us to consider on rehearing, but they ultimately saved us that effort by
settling their differences. Our original opinion therefore does not affirm any
judgment--we merely dismiss the appeal because the case has settled. Because we
did not complete our consideration of this case on appeal, and the rehearing motion
raised an issue deserving of consideration, I would withdraw our opinion pursuant
to Rule 42.1(c). Tex. R. App. P. 42.1(c). I therefore respectfully concur in the
judgment dismissing the case pursuant to settlement.





Jane Bland

Justice



Panel consists of Justices Taft, Higley, and Bland.

Justice Bland, concurring.

 



 
1. See In re McKnight, No. 14-01-00695-CV, slip op. at 2 (Tex. App.--Houston [14th Dist.]
October 9, 2001).