### J. T. HAMILTON v. P. J. SAUNDERS.

Decided November 9, 1904.

**1.—Bills of Exception—Affidavits—Record.**

Affidavits relating to the action of the judge upon bills of exception of appellant are unauthorized, constitute no part of the record, and should not be included in it.

**2.—Disclaimer—Costs.**

One who disclaims any interest in land sued for is not liable for costs incurred after the filing of such disclaimer.

Appeal from the District Court of Coleman. Tried below before Hon. John W. Goodwin.

*F. L. Snodgrass* and *Woodward, Baker & Woodward,* for appellant.

*T. H. Strong* and *J. C. Randolph,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellee, as plaintiff in the court below, to recover a strip of land described in his petition. The suit was originally instituted against J. T. Hamilton. Afterwards, and before the trial Hamilton died, and his surviving widow and children, who are the appellants herein, were made parties defendant. The trial was had before a jury, which resulted in a verdict for the plaintiff for certain land and for the defendants for certain other land, which respective tracts are

designated in said verdict. Judgment was entered upon this verdict decreeing to the parties respectively the lands found for them by the verdict of the jury, and adjudging all of the costs against the defendants.

Appellee has filed and submitted a motion to strike out from the record, at the cost of appellants, the affidavits of John D. Mann, J. K. Baker and F. L. Snodgrass, set out on pages 140 to 142, inclusive, of the transcript, upon the ground that said affidavits are unauthorized by law, and are not properly incorporated in the transcript and are not any part of the proceedings had in the lower court. Said affidavits were made and filed with the clerk of the court below after the trial, and relate to the action of the district judge upon the bills of exception of appellants.

These affidavits are wholly unauthorized by law, and can not in any manner affect any of the proceedings had upon the trial or properly embraced in the record. They should not have been incorporated in the record. It has been repeatedly held by the Supreme Court and Courts of Civil Appeals that such affidavits should not be permitted to be incorporated in the record; and we are at a loss to understand what proper purpose could be subserved by thus incorporating them, and clerks of the lower courts in preparing transcript for the appellate courts should not incorporate such affidavits therein. It is not only not their duty to do so, but it is a violation of their duty in making out a true transcript of all the proceedings had in the cause to incorporate such matter which is not a part of such proceedings. Paris v. Dubose, 27 Texas, 6; Albright v. Corley, 40 Texas, 116; Southern P. Ry. Co. v. Wenton, 66 S. W. Rep., 477; Western U. Tel. Co. v. Christensen, 2 Texas Law Journal, 1156, 9 Texas Ct. Rep., 302; Willis v. Smith, 90 Texas, 635; Ennis Mercantile Co. v. Wathen, 93 Texas, 622; Boggess v. Harris, 90 Texas, 476.

We sustain said motion to strike out said affidavits, and it is hereby ordered that said affidavits be stricken from the transcript of the record in this cause; and it is further ordered that the defendants, appellants in this cause, pay all costs incurred by reason of the filing and incorporation of said affidavits in the transcript of the record in this cause, both in the court below and in this court.

It appears from the record that the defendants, prior to the trial, disclaimed any interest in the land which by the verdict of the jury and judgment of the court was found for and adjudged to the plaintiff. Hence it becomes unnecessary for this court to pass upon the questions raised by any of the assignments of error presented by appellants, except the first, which complains of the judgment of the court in adjudging all costs against the defendants.

We are of opinion that Mrs. Julia Hamilton should be entitled to the costs incurred by her after the filing of her disclaimer to the lands recovered by plaintiff, and that no costs should be taxed against any of the defendants after the filing of the disclaimer by the other defendants except Julia Hamilton, except as hereinbefore stated.

We therefore reform the judgment of the court below with respect to the costs, so that plaintiff, appellee herein, shall recover all costs incurred in the cause up to the filing of the disclaimer by Mrs. Julia Hamilton, and that he recover all the costs from that date up to the

date of the filing of the disclaimer by the other defendants, except that incurred by Julia Hamilton, which she shall recover of the plaintiff, the appellee; and that all the defendants, appellants herein, shall recover against the plaintiff, the appellee herein, all costs accruing after the filing of said disclaimer by said defendants except Julia Hamilton, except as hereinbefore stated; and the judgement below, so reformed, is affirmed.

*Reformed and affirmed.*