## B. B. KIMBELL V. CECILIA B. POWELL ET AL.

### Decided October 9, 1909.

**1.—Appeal—Filing Conclusions of Fact and Law—Statute Construed.**

Under the provisions of section 1, chapter 7, Acts of First Called Session of the 30th Legislature (Laws 1907, p. 446), the judge of the trial court may file his conclusions of fact and law at any time within ten days after adjournment of the term although no order to that effect was made during the term.

**2.—Same—Impeaching Record—Affidavits.**

On appeal affidavits will not be considered for the purpose of contradicting the record as to the date when the judge's conclusions of fact and law are filed. Such proceeding must be inaugurated in the trial court.

**3.—Deed—Sufficiency of Description—Reference to Other Document.**

To support a plea of limitation and to identify and render definite the description of land in a registered deed, resort may be had to a decree of partition in the District Court although the same is not recorded in the county clerk's office as provided by article 4649, Rev. Stats., in the same way and to the same

extent as to a recorded deed. The prohibitions of said article have no application in such case.

**4.—Same—Undivided Interest—Limitation—Apportionment of Recovery.**

When a defendant in trespass to try title claims title by limitation under the five years statute to a specific part of a larger tract claimed by the plaintiff, and the defendant's claim is based upon deeds conveying undivided interests in the larger tract, defendant can acquire title under said statute to only a ratable proportion of the smaller tract claimed and occupied by him.

### ON REHEARING.

**5.—Appeal—Correcting Record—Laches—Practice.**

A record was filed in a Court of Civil Appeals on July 3, 1908; on October 5, following, the appellee filed a motion to strike out the findings of fact and conclusions of law of the trial judge; this motion was overruled on June 21, 1909; on July 4, 1909, appellee filed his motion for rehearing, and on October 5, 1909, filed a motion praying that proceedings on appeal be stayed until the record could be corrected in the District Court, and stating that a suit for this purpose was instituted in the District Court on August 8, 1909. Held, that while in a case of this kind it would be proper to delay the decision of the case until the record could be corrected, the laches of the appellee in this case was such as to require a refusal of his motion.

Appeal from the District Court of Leon County. Tried below before Hon. Gordon Boone.

*B. D. Dashiell* and *Thos. B. Greenwood,* for appellant.—The court erred in excepting only an undivided 82½ acres from the land recovered by appellees, on account of appellant's peaceable and adverse possession for more than five years of the land sued for, with all taxes paid, under the deed to him, duly recorded, of G. E. Stroud and E. J. Stroud, because such deed was sufficient to give notice of appellant's claim to all the land in controversy. The court finds that appellant had peaceable and adverse possession of the land sued for, cultivating, using and enjoying the same, and paying all taxes due thereon, and claiming under a duly registered deed, among others, which conveyed all the grantors' right, title and interest in the land sued for, describing the land by metes and bounds. Parker v. Newberry, 83 Texas, 428 to 430.

The court erred in the conclusion of law that the description in the deed of G. C. Watson and wife to B. B. Kimbell was so insufficient as to prevent appellant from acquiring title to any portion of or interest in the land sued for by virtue of his adverse possession thereunder with all other requisites of the statute of limitations of five years fully complied with. The deed of G. C. Watson and wife to B. B. Kimbell conveyed "all that certain tract or parcel of land, situated in Leon County, Texas, and being the undivided interest in the Wm. Little league and labor of land, deeded to me by W. R. Little on December 13, 1889, the interest in said land being 166 acres more or less. The above-described land was set apart to W. R. Little by an agreed judgment of the November term of the District Court of Leon County, 1888, wherein Martha McDonald was plaintiff and Wm. Little's Heirs defendants." The court found that the description in this deed was so insufficient that it could not furnish the basis for defendant to ac-

quire title to any land thereunder. Club Land & Cattle Co. v. Wall, 92 S. W., 985; Acklin v. Paschal, 48 Texas, 176; Overby v. Johnston, 94 S. W., 133; Cole v. Grigsby, 35 S. W., 681; Slack v. Dawes, 22 S. W., 1053; Dohoney v. Womack, 20 S. W., 950; Murphy v. Williams, 56 S. W., 696; Fontaine v. Bohn, 40 S. W., 637; Hinzie v. Robinson, 50 S. W., 638; Cantagrel v. Von Lupin, 58 Texas, 578.

The court erred in the conclusion of law that the description in the deed of Tom Jackson and Laura Jackson to B. B. Kimbell was so insufficient as to prevent appellant from acquiring title to any portion of or interest in the land sued for by virtue of his adverse possession thereunder with all other requisites of the statute of limitations of five years fully complied with. The deed of Tom Jackson and Laura Jackson conveyed to appellant the undivided interest in the Wm. Little league and labor of land, which was inherited by Laura Jackson through her father, and such interest is stated in the deed to be 166 acres more or less, and is stated to have been set apart to Laura Jackson in the partition decree. Throughout the period of appellant's adverse possession the deed records showed title in the heirs of Wm. Little to the north one-third of his league and labor of land. Yet the court below held that this deed did not give notice that appellant was claiming any interest in the land sued for on the Wm. Little league and labor, and on the north one-third thereof. Cantagrel v. Von Lupin, 58 Texas, 578; Acklin v. Paschal, 48 Texas, 176; Parker v. Newberry, 83 Texas, 428 to 430; Slack v. Dawes, 22 S. W., 1053.

The court erred in excepting only an undivided 132½ acres from the land recovered by appellees, on account of appellant's peaceable and adverse possession for more than five years of the land sued for, with all taxes paid, under the deeds duly registered from Rosa Bragger and George Bragger by R. H. Hickey, attorney in fact, to B. B. Kimbell, because such deeds on their faces purported to convey an undivided interest of two hundred and sixty-five acres, or at least an undivided one-fifth interest in the land sued for. One of the deeds from Rosa Bragger and Geo. Bragger, by attorney, to appellant, conveyed the grantors' entire interest in and to the Wm. Little league and labor, describing same as being one-third of said league and labor, on the north line thereof, and as being the same one-third of the league and labor which had been gained by the Little heirs at the November term, 1888, of the District Court of Leon County. The other conveyed to appellant a specific tract of 1,325 acres, including the land sued for, by metes and bounds, with the recital that the metes and bounds contained 666½ acres, and that it was understood that the grantors had a one-fifth interest therein. The court concluded that these two deeds gave notice of a claim by appellant to an undivided interest of only 132½ acres.

The court erred in restricting the exception to appellee's recovery to only undivided interests of 132½ acres, 82½ acres, and 45 acres, because the deeds, duly recorded, under which appellant claimed, contained full descriptions of greater interests, and, in fact, of the entirety of the land sued for, both within themselves and by reference to the partition decree, upon the minutes of the District Court of Leon County. Watson v. McClane, 45 S. W., 177; Flanagan v. Bog-

gess, 46 Texas, 335; 1 Cyc., pp. 1090, 1091; Schleicher v. Gatlin, 85 Texas, 276; Parker v. Newberry, 83 Texas, 428; Cantragrel v. Von Lupin, 58 Texas, 578; Acklin v. Paschal, 48 Texas, 176; Yarborough v. Whitman, 110 S. W., 471; Murphy v. Williams, 56 S. W., 696.

*D. T. Garth,* for appellees.—A deed, though duly recorded, which does not describe the land by metes and bounds, and the only description of the land is a reference to a partition, judgment or decree, a muniment of the title which had never been recorded in the office of the county clerk of the county where the land lies, is not sufficient to support the five years statute of limitation. Art. 3342 of Rev. Stats., 1895; art. 4649 of Rev. Stats., 1895; Medlin v. Wilkins, 60 Texas, 418; McDonough v. Jefferson County, 15 S. W., 490; McLavy v. Jones, 72 S. W., 407; Clark v. Kirby, 25 S. W., 1096; Campbell v. Antis, 51 S. W., 342; Haines v. West, 105 S. W., 1118; Sorley v. Matlock, 15 S. W., 261; Porter v. Chronister, 58 Texas, 56; Schleicher v. Gatlin, 20 S. W., 122; Logan v. Robertson, 83 S. W., 400; Bowles v. Brice, 66 Texas, 729; Young v. Trahan, 97 S. W., 149; Cook v. Dennis, 61 Texas, 246.

The deeds from G. E. Stroud and wife, and from Rosa Bragger and husband, are so indefinite in their recitals of description that said two deeds under the five years statute of limitations did not give notice to appellees that appellant was claiming a greater interest in the land than that which the court adjudged to him. In fact the descriptions in said deeds are so indefinite that neither of said deeds under the five years' statute of limitation give the required notice to appellees that appellant was claiming any interest in the land in controversy. And by the terms of said deed appellant became bound by estoppel not to claim under the five years statute of limitation.

Deed from G. E. Stroud and wife to Kimbell, of date November 3, 1900, conveying "All our right, title and interest in and to one-third of a certain league and labor of land, known as the Wm. Little league and labor, the same being situated in the county of Leon, State of Texas, on Boon Creek and Trinity River, and for further description reference is hereby made to the decree of the District Court rendered in November term, 1888, Leon County and State of Texas, and more particularly described as follows, to wit:" Here follows description of 1,475 acres of land by metes and bounds, which include the land sued for. The court found and adjudged the interest under this deed to be 82½ acres in the 935 acres.

Two deeds from Rosa Bragger (*nee* Rosa Little) and husband: (1st.) Giving no metes and bounds nor reference to any instrument registered as the law directs; (2nd) deed conveying "All that certain tract of land, being 5 int. of Wm. Little league on W. bank of Trinity River, beginning at the N. E. corner of said Little league." (Here are five calls for metes and bounds.) Then comes habendum clause in said deed. Then comes another call, as follows: "Thence up the Trinity River with its meanders to the beginning." The court found field notes embodied 1,325 acres of land and one-fifth of 662½ acres conveyed by said deed.

The court found that Wm. Little and wife conveyed to Thomas

Middleton 1,475 acres of land, of which 600 acres were sold to Culbertson, and to the 935 acres in controversy plaintiffs have the Middleton title. That appellant has title from the Wm. Little heirs, and is a junior purchaser.

The court found in his original conclusions that the only deeds which have any description, so as to identify the land, were the Stroud and Bragger deeds, and the Stroud deed purported to convey 82½ and the Bragger deed 132½ acres, both undivided, which interests are adjudged. Bruce v. Richardson, 64 S. W., 785; Willis v. Burke, 27 S. W., 218; Bowles v. Brice, 66 Texas, 729; Harris v. Hardeman, 27 Texas, 249, 15 Texas, 467; Curdy v. Stafford, 30 S. W., 551.

A deed to an undivided interest will not, under the five years' statute, protect the grantee beyond the interest it, on its face, purports to convey. Such a deed gives notice that the party in possession claims the undivided interest therein which the deed conveys, but it is not notice that he claimed the whole.

The court in his original findings said: "That the deeds from Rosa Bragger and from G. E. Stroud and wife contain a description of the land sufficient to identify it to the extent of the interest conveyed by them respectively."

The court in his original conclusions of law found: "That the undivided interest conveyed by Rosa Bragger and G. E. Stroud and wife to the defendant are sufficiently identified by said deed and reference therein upon which to base limitation of five years, and the evidence showing that the defendant, Kimbell, was in possession of portions of this land for more than five years, cultivating, using and enjoying the same and paying all taxes thereon, I find that he has title by limitation to the interest acquired by him from Rosa Bragger and from G. E. Stroud and wife."

The court in his additional findings of fact, found as follows: That the deed of G. E. Stroud and wife, E. J. Stroud, to B. B. Kimbell, of date November 3, 1900, conveying "All our right, title and interest in and to one-third interest of a certain league and labor of land known as the Wm. Little league and labor, the same being situated in the county of Leon and State of Texas, on Boon Creek and Trinity River, just above the old Navarro crossing on said Trinity River, and for further description reference is hereby made to the decree of the District Court rendered in November term, 1888, Leon County and the State of Texas, and more particularly described as follows, to wit:" Here follows description of 1,475 acres of land by metes and bounds, which includes the land sued for.

The court finds that the above deed is limited to an undivided interest of 82½ acres, and upon the findings decrees the 82½ acres to appellant. Acklin v. Paschal, 48 Texas, 176; Overby v. Johnston, 94 S. W., 133; Yarborough v. Whitman, 110 S. W., 471-72; Cole v. Grigsby, 35 S. W., 681.

A deed to an undivided interest will not, under the statute, protect the grantee beyond the interest it, on its face, purports to convey. Such a deed gives notice that the party in possession claims the undivided interest therein which the deed conveys, but it is not notice that he claimed the whole.

The first deed by Rosa Bragger and husband, George Bragger, by R. H. Hickey, attorney in fact, to B. B. Kimbell, does not convey any particular tract of land, the only description in said deed being as follows: "All that certain one entire interest which we now own, or that we may recover in a suit now pending in the District Court of Leon County in and to the Wm. Little league and labor, same being one-third of said league and labor, situated in Leon County, Texas, and bounded on the east by the Trinity River, and adjoining the Simon Sanchez south league, and same being a part of the north line of said Wm. Little league and labor of land, and being the same one-third of a league and labor of land gained by the Little heirs at November term, 1888, of the District Court of Leon County, Texas."

And the other deed conveying "All that certain tract or parcel of land, being 5 int. of the Wm. Little league, beginning" (here land is described by metes and bounds). Said deed reciting field notes containing 666½ acres, the undivided one-half interest in 1,325 acres. "It is understood that we have one-fifth interest in said land recovered on record books of Leon County."

The court found that the field notes embodied in the last-mentioned deed cover 1,325 acres of land, including the land sued for, but that the purpose of the last-mentioned deed was to convey an undivided one-fifth interest in an undivided 662½ acres. Acklin v. Paschal, 48 Texas, 176; Overby v. Johnston, 94 S. W., 133; Yarborough v. Whitman, 110 S. W., 71-2; Cole v. Grigsby, 35 S. W., 681.

The court erred in the conclusion of law in holding that the total undivided interest, to wit: 82½ purported to be conveyed by the Stroud deed and the 132½ acres by Bragger deed, should as a whole be taken from the land in controversy when the land in controversy was shown to be only part of the land described by metes and bounds in each of the above deeds because said above deeds show upon their face there is an excess of over 400 acres, and because said deeds fail to designate from which lesser tract the undivided interest shall be taken; out of the 935 acres in controversy, or out of the excess, which being 400 acres or over, and because such undivided interest so conveyed, are too uncertain and remote to support the five years statute of limitation over plaintiff's title. Parker v. Baines, 65 Texas, 609; Zepeda v. Hoffman, 72 S. W., 443; Turner v. Moore, 16 S. W., 929-31; Alexander v. Newton, 33 S. W., 305; Tucker v. Smith, 68 Texas, 481; 3 S. W., 671; Beaumont P. Co. v. Polk, 55 S. W., 614.

REESE, ASSOCIATE JUSTICE.—We are met in limine in this case by a motion presented by appellee to strike from the record the court's conclusions of law and fact. There is no statement of facts. The record shows original and additional conclusions of law and fact in two separate papers, each duly signed by the trial judge and both, as appears from the record, filed on March 28, 1908. The court adjourned on March 21, 1908. With regard to both of these documents, it is charged in the motion that no order was made allowing the district judge ten days after adjournment to prepare and file such conclusions; and this is true: but we are of the opinion that such order was not necessary, but that under the provisions of section 1, chapter

7, Acts First Called Session of the Thirtieth Legislature (p. 446), the judge of the court may prepare and file such conclusions of law and fact, when demand is made therefor, at any time within ten days without a previous order to that effect, which is, however, required in case of statements of facts and bills of exceptions filed after adjournment.

. As to the additional conclusions of law and fact, appellees state in their motion, as an additional ground for excluding the same, that although they appear to have been filed by the clerk on March 28th, they were not in fact filed until April 6th, more than ten days after adjournment, and this is made to appear by the affidavit of appellees' counsel and by the statement of the district judge appended to the motion. We are of the opinion that we are without authority to consider the affidavit and statement referred to in impeachment of the record as presented to us. Appellees should have proceeded in the District Court if they desired to so correct the record. (Willis v. Smith, 90 Texas, 636; Boggess v. Harris, 90 Texas, 477; Ennis Merc. Co. v. Wathen, 93 Texas, 622.) The motion to strike out the conclusions of law and fact is overruled.

This is a suit in trespass to try title by appellees against appellant to recover a tract of land out of the Wm. Little league and labor in Leon County. This tract is a part of the northern one-third of said survey. As to appellee's title, it is sufficient to say that the court found that appellees were the owners of the land and entitled to recover unless their title was defeated by appellant's claim of title under the statute of limitations of five years. This finding is not controverted, and as a conclusion of law is fully supported by the facts found. The assignments of error present only alleged errors of the trial court in passing upon appellant's claim of title under the statute of limitation of five years. The deed from Wm. Little to the land claimed by appellees had been lost or destroyed and was not of record, and was established by circumstances.

Appellant claimed title under duly registered deeds from persons claiming to be the heirs of Wm. Little or vendees of such heirs. The court found that such deeds had been duly registered; that under them appellant had been in continuous, actual, adverse possession of parts of the land conveyed, cultivating, using or enjoying the same and paying all taxes thereon for more than five years before the suit was filed, and was entitled to recover the undivided interest conveyed, except for the insufficiency of some of the deeds to describe and identify the land thereby conveyed. As to some of these deeds the court found that such description was sufficient and gave appellant judgment for the undivided interest therein conveyed. The description of the land conveyed by the other deeds was not sufficient to enable appellant to prescribe thereunder unless reference can be had to a certain judgment of the District Court of Leon County particularly referred to for identification and description of the land conveyed. This reference gave the names of the parties to said judgment and otherwise sufficiently identified it. This judgment had not been recorded nor filed for record in the office of the county clerk, as provided by article 4649, Revised Statutes, providing for the record of such judgment,

and providing also that until so recorded such judgment "shall not be received in evidence in support of any right claimed by virtue thereof." For this reason the trial court held that it could not be looked to for description and identification of the land described in certain of the deeds, and the description without this being insufficient as to such portions of the land sued for, gave judgment for appellees. The correctness of this ruling is presented by appropriate assignments of error.

The statute referred to has no application to the question involved. Appellant is not claiming title under this judgment, and whether such judgment, unrecorded in the county clerk's office, can be looked to for the identification and description of the land is entirely foreign to the purpose of the statute. The conclusion of the trial court on this point is not very clearly expressed, but we assume, from the way the question is treated by both appellant and appellees, that if reference could be made to the judgment referred to in the deeds for description of the land, such deeds would be sufficient to afford a basis for the statute of limitations as duly registered deeds for undivided portions of the land in controversy therein conveyed.

It is not controverted that in a deed the land may be sufficiently described by reference to another registered deed, or that reference to the judgment or decree, if it had been duly recorded in the office of the county clerk as provided in article 4649, might be used for this purpose. This rule does not rest upon any statute, but upon the general principle that that is certain which can be rendered certain. It has been held in McDonough v. Jefferson County (79 Texas, 539) that a duly registered deed containing no description of the land, but referring for such description to an unrecorded deed, was not sufficient to afford a basis for prescription under the statute of limitation of five years. As such a deed contained nothing on its face to indicate to the owner that it involved his land, it would clearly not be notice to him, which is the purpose of the requirements that the deed under which the title is claimed under the five years statute should be registered, and this would seem to be true even if the deed referred to was registered. We think, however, that if the deed upon which the claim of title by limitation rests is duly registered, and if it is sufficient, from what appears on its face, together with what appears from a judgment of the District Court distinctly and clearly referred to, to serve as notice to the owner that his land is claimed under the deed, it would be sufficient. In other words, we think that to identify and render definite the description of land in a registered deed, to support limitation, resort may be had to a judgment of the District Court not recorded in the county clerk's office, to help out a description of land conveyed, in the same way and to the same extent as a recorded deed. (Snow v. Starr, 75 Texas, 416; Catlett v. Starr, 70 Texas, 485; Watson v. McLane, 18 Texas Civ. App., 212; Hermann v. Likens, 90 Texas, 455; 1 Cyc., 1090-1.) See also dissenting opinion of Chief Justice Stayton in Schleicher v. Gatlin (85 Texas, 276) upon this question of the sufficiency of description of the land in such deeds. A description in a deed can be just as effectually and readily made certain by reference to a judgment recorded in one book as a deed

recorded in another, both being public records, kept in the same building and quite frequently in the same room.

The deeds rejected by the court, on the ground that the description of the land was insufficient without reference to the judgment, on their face conveyed undivided interests of the grantors as heirs of Wm. Little in the Wm. Little league of land in Leon County, referring to the judgment to show the amount of such interest owned by them and for description of the portion of the Little league out of which such interests are to be taken. The reference to the judgment should be given the same consideration as a reference to a recorded deed for description. We are of the opinion that the trial court erred in holding that the judgment not having been recorded in the office of the county clerk could not be consulted in order to ascertain with definiteness and certainty the land or interest therein conveyed.

We can not say from this record that the court erred as to the amount of the interest conveyed by the Bragger and Stroud and Wm. Watson deeds, and the assignments of error with regard to these deeds are overruled.

Appellees by their second cross-assignment of error complain that the court erred in adjudging to appellant the 132½ acres under the Bragger deed and the 82½ acres under the Stroud deed (both undivided) to be taken entirely out of the tract of 935 acres in controversy. The 935 acres, as to which the court found that appellees had title unless defeated by appellant's limitation claim, are a part of the tract of 1,475 acres described in the Stroud deed and the 1,325 acres described in the Bragger deed, of which undivided interests of 82½ acres and 132½ acres respectively, as found by the court, are conveyed. Appellant took no title by either of these deeds. They can only serve as a basis for his claim of title under the statute of limitation of five years, and this claim must be confined to the land or interest embraced in the terms of the deed; that is, if the court's findings are correct, to an undivided interest of 132½ acres out of the 1,325 acres and 82½ acres out of the 1,475 acres. Only such proportion of these interests as the amount of the land in the tract claimed by appellees bears to the said tracts of 1,325 acres and 1,475 acres respectively should be taken out of the land in controversy, and only such proportion of the 935 acres was in fact conveyed by the deeds referred to.

Other assignments and cross-assignments of error not herein otherwise disposed of are overruled.

We are unable from the findings of fact of the trial court to determine satisfactorily what judgment should have been rendered by the trial court, and are therefore compelled to remand the cause. The judgment is reversed and the cause remanded for another trial in accordance with this opinion.

### ON MOTION FOR REHEARING.

The record in this cause was filed in this court July 3, 1908. On October 9th appellee filed a motion to strike out "additional findings of fact and conclusions of law" of the trial court, on the ground that,

although they appear from the record to have been filed within ten days after the adjournment, they were not in fact so filed until after the expiration of such time, supporting such motion by affidavits. This motion was submitted and consideration therefor taken with the case, and on June 21, 1909, the cause was decided, the motion to strike out being refused for reasons stated in the opinion.

On July 4, 1909, appellee filed in this court his motion for a rehearing, and on October 5, 1909, filed a motion praying that proceedings be stayed until he could, by proceedings in the District Court, have the record corrected so as to show that no notice of appeal was in fact given, and that the additional conclusions of fact were in fact filed more than ten days after adjournment of the trial court.

In so far as concerns the motion to dismiss the appeal on the ground that no notice of appeal was given, the record showed that such notice was properly given in open court. Appellees' affidavit that this was not true was met by the counter affidavit of appellant's counsel that such notice was properly given and entered and that the record in this particular speaks the truth. Upon this showing we overruled the motion to dismiss at the last term.

As to the motion filed October 5th to stay proceedings until appellee could have the record corrected so as to show that the additional conclusions of law and fact were not filed in time, it is stated by appellee in the motion that suit to correct this part of the record was filed in the District Court on August 8, 1909, but citation was quashed as defective. Unquestionably in a case of this kind it would be proper to delay the decision of the case until the record could be corrected in the trial court, which is the only way in which it can be done (Willis v. Smith, 90 Texas, 636; Boggess v. Harris, 90 Texas, 477; Ennis Merc. Co. v. Wathen, 93 Texas, 624), and this may be done as well after the judgment (of the appellate court) is rendered as before, but, as said in Gulf, C. & S. F. Ry. Co. v. Cannon (88 Texas, 314), "provided the attention of the counsel has not previously been called to the omission by motion or otherwise."

As early as October 9, 1908, appellee filed in this court his motion to strike out the additional conclusions of law and fact on the ground here set up, supporting such motion by his own affidavit and that of the district judge. This motion was overruled on the authority of the cases first above cited. No request was then made to have this court delay proceedings until the record could be corrected in the District Court, nor were any steps taken to have this done until August, 1909, nor was it brought to the attention of this court that appellee proposed to institute proceedings to have it done until October 5, 1909. It is not contended that the paper copied in the record is not what it purports to be, but only that it was filed in fact a few days too late. Upon the record thus presented we do not feel disposed to further delay the case until final hearing of the proceeding instituted by appellee on August 8, 1909, and for that reason his motion is overruled, as is also his motion for rehearing.

Appellee cites the case of Sykes v. Speer (112 S. W., 422), with which, it is contended, our ruling that in this matter affidavits will not be heard to contradict the record is in conflict. We do not so un-

derstand the decision, but our interpretation of the opinion is that the certificate of the trial judge to the conclusions of law and fact as found in the record contradicted the file mark of the clerk, and showed that the conclusions were not filed in time. Otherwise the opinion on this point is in direct conflict with the several opinions of the Supreme Court in the cases herein cited. Motion overruled.

*Reversed and remanded*