SECURITY TRUST & LIFE INS. CO. v.
STUART.

(Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1913.)

1. COURTS (§ 57*)—COURSE AND CONDUCT OF TRIAL—APPOINTMENT OF STENOGRAPHER—"OFFICIAL COURT STENOGRAPHER."
A stenographer sworn to take the testimony in a cause in the county court but not in the manner prescribed by statute for an official court stenographer, which is more enlarged and broader in scope than the oath administered, is not an official court stenographer within the statutes relating to official court stenographers.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. § 57.*
For other definitions, see Words and Phrases, vol. 6, p. 4954.]

2. COURTS (§ 57*)—COURSE AND CONDUCT OF TRIAL—APPOINTMENT OF STENOGRAPHER.
Under the statutes an official court stenographer is to be appointed by the judge of the county court upon demand of either party in a civil action and hence the appointment of an official stenographer is a judicial act, manifested by the judge before rendition of judgment.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. § 57.*]

3. APPEAL AND ERROR (§ 907*)—REVIEW—PRESUMPTIONS—FACTS NOT SHOWN BY RECORD.
Where the record is silent as to the appointment of an official court stenographer, the presumption on appeal is that none was asked for or appointed.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. APPEAL AND ERROR (§ 715*)—RECORD—QUESTIONS PRESENTED, FOR REVIEW—AFFIDAVITS.**

In passing upon matters antecedent to the judgment the Courts of Civil Appeals are confined to the record as made by the trial court, except as to matters affecting the jurisdiction of the Court of Civil Appeals, and, where the record is silent as to the appointment of an official court stenographer, the question cannot be raised by affidavits, as it does not affect the jurisdiction.

· [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965, 3273; Dec. Dig. § 715.*]

**5. APPEAL AND ERROR (§ 655*)—RECORD—STATEMENT OF FACTS—SUFFICIENCY.**

Where no official court stenographer was appointed, the omission of the duties of the official stenographer with respect to the manner of transcribing the evidence, making and certifying to the transcript, and filing the transcript and statement of facts in the trial court, is not ground for striking from the record the statement of facts prepared by the litigants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

**6. APPEAL AND ERROR (§ 572*)—RECORD—STATEMENT OF FACTS—FILING DUPLICATE IN TRIAL COURT.**

Where no official county court stenographer is appointed, and the statement of facts is prepared by the litigants, the statutes do not require that a duplicate copy thereof shall be filed in the office of the county clerk.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2554; Dec. Dig. § 572.*]

Appeal from Wilbarger County Court; J. B. Copeland, Judge.

Action between the Security Trust & Life Insurance Company and R. T. Stuart. From a judgment for the said Stuart, the said company appeals. On appellee's motion to strike the appellant's statement of facts from the record. Overruled.

Cecil Storey and L. P. Bonner, both of Vernon, for appellant. W. D. Berry, of Vernon, for appellee.

HENDRICKS, J. Motion to strike statement of facts from the record. The appellee in this cause requests the suppression of the statement of facts in this cause, upon the following grounds: "(1) Because the law has not been complied with in the preparation and filing of said statement of facts, in that the stenographer who took the testimony on the trial of said case did not transcribe said testimony in the form of questions and answers, and made no transcript of such testimony certifying that it was true and correct, and did not file any such transcript in duplicate in said cause in the county court of Wilbarger county, Tex., in which court the case was tried, as is required by article 1924 of the Revised Statutes of Texas of 1911. (2) Because the law has not been complied with in the preparation and filing of said statement of facts, in that the statement of facts was not made or filed in duplicate in the trial court, as required by article 1924 of the Revised Statutes of 1911. (3) Because there is no duplicate of said statement of facts on file in said cause in said trial court, and the time for making and filing the same has passed."

Accompanying appellee's motion is the supporting affidavit of the clerk of the county court, that a stenographer was sworn to "take the testimony" in the cause, and the further statement that said stenographer did not transcribe the testimony in the form of questions and answers, and did not make a transcript of the same, nor file a duplicate in his office, and that a statement of facts in duplicate was never filed with the record in said cause, nor is there any statement of facts, original or duplicate, on file in his said office.

[1] The appellant, in resisting this motion, offers the affidavit of the same clerk, which is to the effect that the person appointed as stenographer in said cause was only sworn to take the testimony correctly, and other controverting affidavits in the nature of conclusions that the stenographer who took the testimony in the trial of the case was not an official stenographer under the law providing for the appointment of such officers. The act of 1911, with reference to the appointment of official court stenographers, and prescribing their qualifications and duties applicable to causes litigated in the county court, prescribes that, whenever either party in a civil case pending in the county court shall apply therefor, the judge of the court shall appoint a competent stenographer to report the oral testimony in such case, and who shall take the oath prescribed for the qualification of the official court stenographer appointed by the district court. The article of the law with reference to the appointment of court stenographers in the county court also recites that all provisions of law governing statements of facts and bills of exception to be filed in district courts, and the use of same on appeal, shall apply to civil cases tried in the county courts. In the examination of this question and the decision of same, if we deemed the ex parte affidavits, submitted by both parties, were appropriate for the cognizance of this court, for the disposition of the questions raised, we would be forced to conclude as a fact that the stenographer who performed the service of taking the testimony in the trial of this case was not an official court stenographer, for the reason that the oath administered was not the proper oath prescribed by that section of the statute providing for the appointment of county court stenographer; the oath required being the one prescribed for district court official stenographers, which is more enlarged and broader in its scope than the one which we would conclude from this record was administered to the stenographer in this cause.

[2, 3] On correct principles, we, however, conclude that the supporting and contravening affidavits, with reference to the propositions at issue, for the purpose of eliminating the statement of facts, should not be considered by this court, and the matter, especially referable to the first two grounds of appellee, should be solved upon the principle of the presumption afforded by the record, when we consider the article relative to the appointment of stenographers for the county courts. The official stenographer of the county court, in a civil case pending in that tribunal, it is to be observed, is appointed by the judge of the court whenever either party shall apply therefor, administering the same oath prescribed by the act with reference to the district court stenographers, hence the appointment of a county court stenographer is a judicial act, manifested by the judge before the rendition of judgment, and we think that the fact of appointment or nonappointment of such an officer of the court, being an act manifested by the court, could only be called in question where the record itself exhibits the fact of appointment, and where the record is silent as to the existence of an official stenographer in the case the presumption should prevail that none was applied for by either party to the suit, and that none was appointed by the court.

[4] The Supreme Court, in the case of Ennis Mercantile Company v. Wathen, 93 Tex. 622, 57 S. W. 946, following the Constitution and statute with reference to the power of the Courts of Civil Appeals, in ascertaining matters of fact upon questions arising before that court, in substance held that the Courts of Civil Appeals, in passing upon matters antecedent to the rendition of judgment in the cause, are confined to the record as made by the trial court, and have not the power to inquire into matters occurring subsequently to the rendition of the judgment when not made a part of the record. In enunciating this doctrine, our Supreme Court stated that: "The failure of the judge in this case to approve the statement of facts presented to him or to make one in case of disagreement of the parties does not appear in the record in any manner specified by the statute, and was not a proper subject of assignment. Authority to inquire into the existence of facts not contained in the record is conferred upon the Courts of Civil Appeals by article 998, Rev. St. 1895, which reads as follows: 'The said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.' This article restricts the power of the Courts of Civil Appeals to inquire into matters of fact not appearing in the record to such as

affect its jurisdiction. * * * The appellate jurisdiction of the Courts of Civil Appeals is directed to the correction of errors committed in the course of proceedings prior to and connected with the rendition of the judgment, *and they are confined to the record as it is made by the trial court.* Willis v. Smith, 90 Tex. 635 [40 S. W. 401]; Bogges v. Harris, 90 Tex. 476 [39 S. W. 565]. A Court of Civil Appeals cannot correct the record of a case by hearing testimony, *nor can it inquire into acts occurring subsequently to the rendition of the judgment and not made a part of the record.* Davis v. Thomas, 5 Tex. 389." As a declaration of the same principle, see the case of Bath v. Houston & T. C. Ry. Co. et al., 34 Tex. Civ. App. 234, 78 S. W. 994, and Applebaum v. Bass, 113 S. W. 173.

[5] As the appointment of the county court stenographer is contingent, the selection of one necessarily to be made before the rendition of the judgment in the cause, and the record not disclosing by the certificate of the clerk with reference to the statement of facts the matter of appointment, and, it not having been shown in any other way, the presumption exists that none was appointed, and, as the matter is one which does not affect the jurisdiction of this court, the premise upon which the appellee bases the first two grounds for the purpose of striking the statement of facts from this record is necessarily destroyed, and the omission of duty of a stenographer not shown to have been appointed, cannot be visited as a penalty upon the appellant.

[6] The third ground for the suppression of the statement of facts, on account of the failure to file a duplicate statement in the office of the county clerk, we do not think maintainable. We presume that appellee is basing this contention upon the theory that the statute demands the filing of a duplicate of the statement of facts with the record of the cause, whether prepared by the stenographer or the litigants. If there is no court stenographer—and we are forced to that conclusion by the presumption of the record in this case—we are unable to ascertain from this statute, in cases where county court stenographers are not appointed, and where statement of facts is prepared by the litigants, that a duplicate copy shall be filed with the record of the cause, and we believe an exposition and scrutiny of the statutes upon that subject do not prescribe, under conditions of that kind, such a course of procedure, and the same cannot be extracted from the law.

Believing that the motion fails to present any proper legal grounds for the suppression of the statement of facts in this record, it is in all things overruled.