## EDWARDS v. YOUNGBLOOD.

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1913.)

APPEAL AND ERROR (§ 614*)—STATEMENT OF FACTS—CERTIFICATE—OFFICIAL STENOGRAPHER.

Where a statement of facts was prepared by the county judge and the only recognition in the record of a stenographer appearing in the case was a recital in the judge's certificate that, the parties having failed to agree on a statement of facts, and having submitted their respective statements, the judge, from their statements, the "stenographer's notes" and from his own recollection, had prepared the "foregoing statement," etc., there was not a sufficient statement of a recorded fact that an official stenographer was appointed and served in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2708–2713; Dec. Dig. § 614.*]

Appeal from Wilbarger County Court; J. B. Copeland, Judge.

Action between C. H. Edwards and T. J. Youngblood. From a judgment in favor of the latter, the former appeals. On motion to strike statement of facts from the record. Overruled.

See, also, 160 S. W. 288.

Cecil Storey and L. P. Bonner, both of Vernon, for appellant. W. D. Berry, of Vernon, for appellee.

HENDRICKS, J. The grounds of appellee's motion, for the purpose of striking the statement of facts from this record, are the same grounds, literally recited in the same language, as were considered by us in the opinion on the motion in the case of Security Trust & Life Insurance Company v. R. T. Stuart (No. 525) 160 S. W. 108, decided at this term. The statement of facts in this record is one prepared by the county judge on account of the disagreement of counsel, and the only recognition in this record of a stenographer appearing in the case in that capacity is in the certificate of the county judge, wherein he states that, the parties having "failed to agree on a

statement of facts in this case, having submitted to me their respective statements, I have from their statements and the *stenographer's notes*, and from my recollection, prepared the above and foregoing statement," etc. It will be remembered that the county judge appoints and qualifies the official stenographer upon the application of either party to the suit. This stenographer may have been an official stenographer or a private stenographer whose notes were used by the court. We are inclined to the opinion that the recitation in the certificate is not a sufficient statement of a recorded fact that an official stenographer was appointed, and served as such in this cause; and, if that is true, the opinion in the case of Security Trust & Life Insurance Company v. Stewart, above mentioned, in all things controls.

The motion to strike the statement is overruled.

HALL, J., not sitting.