GULF, C. & S. F. RY. CO. v. PRAZAK et ux.
(No. 6114/6856.)

(Court of Civil Appeals of Texas. Galveston. Nov. 13, 1914.)

1. APPEAL AND ERROR (§ 560*)—STATEMENT OF FACTS—CONSENT OF PARTIES—STATUTES.

Under Rev. St. 1911, arts. 1924, 2070, requiring the filing of a transcript of the stenographer's notes with the clerk and requiring the party appealing to cause to be prepared from the transcript filed a statement of facts, etc., a statement of facts prepared from the stenographer's notes, no transcript of which had been filed, should be stricken, where the parties have not agreed to a statement prepared in some other manner as authorized by article 2072.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2490–2493; Dec. Dig. § 560.*]

2. APPEAL AND ERROR (§ 638*)—STATEMENT OF FACTS—CONSENT OF PARTIES.

Rev. St. 1911, art. 1924, requiring the filing of a transcript of the stenographer's notes with the clerk of court, article 2070, providing that the party appealing shall cause to be prepared from the transcript filed, etc., a statement of facts, and article 2072, providing that nothing shall prevent parties from preparing statements of facts on appeal, independent of the notes of the reporter, must be construed together, and, where the parties on appeal have agreed to a statement of facts by virtue of article 2072, they lose the right to object that articles 1924 and 2070 have not been complied with.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2785, 2786; Dec. Dig. § 638.*]

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Action by Rudolph Prazak and wife against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiffs, defendant appeals. Motion to strike out statement of facts. Denied.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant. W. M. Hilliard and W. W. Rankin, both of Caldwell, for appellees.

McMEANS, J. [1] At a former day of this term of the court we sustained appellees' motion to strike out the statement of facts in this case on the ground that the requirements of articles 1924 and 2070, Revised Statutes 1911, had not been observed in its preparation. Article 1924 provides that:

"In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fixed by written order of the court. Said transcript shall be made in duplicate," etc.

Article 2070 provides:

"Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this act (article 1924), the party appealing shall prepare or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts, in duplicate, which shall consist of the evidence adduced upon the trial, * * * but the same shall, when agreed to by the parties and approved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case, be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal. Provided, however, that the official shorthand reporter shall, when requested by the party appealing, prepare from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts in narrative form, in duplicate, and deliver the same to the party appealing," etc.

The statement of facts accompanying the record appears to have been prepared by the official shorthand reporter from his shorthand notes taken in the trial, and no transcript of the shorthand notes in question and answer form was filed in duplicate, nor was the statement of facts prepared by the reporter from any transcript of the evidence filed by him with the clerk of the court below, nor were the provisions of the articles above quoted complied with in any respect in the preparation of the statement of facts. Entertaining the view, to which we still adhere, that the requirements of the articles are mandatory at least to the extent that an appellee can require full compliance therewith before he will be bound by a statement of facts to which he has not agreed, and overlooking at the time the provisions of article 2072, to which we will hereinafter refer, we granted appellee's motion and struck out the statement of facts.

The statement of facts in this case was agreed to and signed by all the parties to this appeal. Article 2072, Revised Statutes 1911, which is the same as section 13 of the General Stenographer's Act passed by the Legislature in 1911 (Acts 1911, p. 264), contains the following provision:

"Nothing in this act shall be so construed as to prevent parties from preparing statements of facts on appeal independent of the transcript of the notes of the official shorthand reporter."

[2] Now, we think that the provisions of articles 1924, 2070, and 2072, construed together, simply mean that an appellee has the right to require that the statement of facts be prepared in the manner provided by articles 1924 and 2070, and, if prepared in any other manner and he has not agreed to it, he has the undoubted right to have it stricken out by this court upon motion seasonably presented; but the parties—that is to say, the appellant and appellee—may make or agree to a statement of facts prepared in

any other manner, and, when so made or agreed to, it is binding upon the appellee, and he has lost his right to object that the provisions of article 1924 and 2070 were not observed in its preparation.

As the statement of facts in this case was signed by both parties and agreed to by them, we think the appellee has no right to complain, and that therefore we erred in sustaining his motion to strike out, and our former order striking out the statement of facts has been set aside.