FT. WORTH PUB. CO. v. ARMSTRONG.
(No. 5527.)

(Court of Civil Appeals of Texas. Austin.
April 21, 1915.)

APPEAL AND ERROR &#x21dd;568 — STATEMENT OF FACTS—PREPARATION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1924, declares that on appeal the official shorthand reporter shall transcribe the testimony and other proceedings, the charge being paid by the party ordering the transcript and taxed as costs. Section 2070 declares that upon the filing of the reporter's transcript with the clerk of the court the party appealing shall prepare a statement of facts. Article 2072 declares that those articles providing for the appointment of court stenographers and prescribing their duties shall not prevent parties from preparing statement of facts independent of the notes of the official reporter. *Held*, that an appellant might, without having the reporter prepare the transcript, prepare a statement of facts which, when approved by the trial judge, will be considered, though the appellee did not agree thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2523–2529; Dec. Dig. &#x21dd;568.]

Appeal from District Court, Coleman County; Jno. W. Goodwin, Judge.

Action between the Ft. Worth Publishing Company and Theodore Armstrong. There was a judgment for the latter, and the former appeals. On motion to strike out statement of facts. Motion denied.

Critz & Woodward and Snodgrass, Dibrell & Snodgrass, all of Coleman, for the motion. Woodward & Baker, of Coleman, Sidney L. Samuels, of Ft. Worth, and P. W. Brown, of Palestine, opposed.

KEY, C. J. In this case appellee has filed a motion to strike out the statement of facts, for the alleged reason that it was not prepared in the manner required by the statute. It is not an agreed statement of facts, but is accompanied by a certificate of the presiding judge, certifying that:

The parties "having failed to agree upon a statement of facts, and defendant having presented a statement of facts to me, and plaintiff having failed to present a statement of the facts in said cause, from the statement presented and my knowledge of the facts in said cause, I have

prepared the foregoing statement of the facts therein, which I certify to be a full, fair, and correct statement of the facts in said cause."

The motion to strike out, which is supported by ex parte affidavits of two of appellee's attorneys and of the clerk of the court below, alleges, in substance, that an official stenographer was present when the case was tried, and took full shorthand notes of all the oral testimony with all the objections to its admissibility, rulings and remarks of the court therein, and all exceptions to such rulings, and had such notes in his possession at the time the statement of facts was made; that he has never transcribed the testimony and other proceedings recorded by him in the form of questions and answers, etc., and has never been requested or demanded so to do by appellant or by any one representing it;. that the statement of facts filed in this court was not prepared, nor caused to be prepared, from any such transcript as that referred to in article 1924 of the Revised Civil Statutes, but was prepared by the official stenographer at the request of appellant and its attorneys directly from his shorthand notes taken by him as aforesaid and from the depositions and other written evidence introduced upon the trial; that said statement of facts so filed in this court, together with a duplicate thereof, and a duplicate of the certificate of the trial judge were filed with the clerk of the court below, and that they constitute the only statement of facts ever filed or offered for filing in this cause, and that neither appellee, nor any one representing him, ever signed or agreed to such statement of facts, nor in any manner waived the preparation and filing of a transcript of the notes of the official shorthand reporter, and that no such transcript has ever been furnished to appellee or his attorneys.

Counsel for appellant have filed a reply to the motion, which does not controvert the facts alleged by appellee; and upon this state of facts, counsel for appellee insists that the statement of facts should be stricken out, and in support of their contention cite Vernon's Sayles' Civ. Stats. arts. 1924 and 2070, and G., C. & S. F. Ry. Co. v. Prazak, 170 S. W. 859, and Buffalo Bayou Co. v. Lorentz, 170 S. W. 1052.

Articles 1924, 2070, and 2072, of Vernon's Sayles' Revised Statutes read as follows:

"Art. 1924. Same Subject; Preparation of Transcript; Compensation. In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy,

said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs. (Rev. Civ. St. 1911, art. 1924, superseded Acts 1911, p. 264, § 5.)"

"Art. 2070. Statement of Facts Prepared from Transcript of Official Reporter, When and How, etc.; In Duplicate; Original Sent up; Reporter to Prepare on Request, etc.; Fees. Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this act (art. 1924), the· party appealing shall prepare or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts, in duplicate, which shall consist of the evidence adduced upon the trial, both oral and by deposition, stated in succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters as were used in evidence. It shall not be necessary to copy said statement of facts in the transcript of the clerk, on appeal, but the same shall, when agreed to by the parties and ap-. proved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal. Provided, however, that the official shorthand reporter shall, when requested by the party appealing, prepare from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts in narrative form, in duplicate, and deliver the same to the party appealing, for which said statement of facts he shall be paid by the party appealing the sum of fifteen cents per folio of 100 words for the original copy, and no charge should be made for the duplicate copy, and such amount shall not be taxed as costs in the case. (Acts 1907, 1 S. S. p. 509, § 5; Acts 1905, p. 219, § 5; Acts 1903, p. 84; Acts 1909, S. S. p. 374, § 6; Acts 1911, p. 264, § 6.)"

"Art. 2072. Laws Repealed; Not to Prevent Preparation of Statements of Fact by Parties. That chapter 39, page 374, Acts of the First Called Session of the Thirty-First Legislature of the state of Texas, providing for the appointment of court stenographers, prescribing their duties and regulating their charges and compensation, and all other laws or parts of laws in conflict with this act be, and the same are hereby expressly repealed; provided, however, that nothing in this act (arts. 1920–1928, 1932, 1933, 2070, 2071, 2073) shall be so construed as to prevent parties from preparing statements of facts on appeal independent of the transcript of the notes of the official shorthand reporter. (Acts 1911, p. 264, § 13.)"

Those articles were construed by the Court of Civil Appeals for the First District in the two cases above cited, and in the latter case (Buffalo Bayou Co. v. Lorentz, 170 S. W. 1052), it was held that the provision of article 2072, which declares that "nothing in this act shall be so construed as to prevent parties from preparing statements of facts on appeal independent of the transcript of the notes of the official shorthand reporter," applies only to agreed statements of facts, and has no application to an ex parte statement of facts prepared by the appellant and presented to his adversary and the trial judge for approval. We are unable to concur in that construction of the language referred to. The plural number is often used in framing statutes, as well as other written instruments, when the intention is that any number

of the class referred to may have the benefit intended to be conferred, and we see no reason why this statute should be given a more restricted interpretation. In the final title of our revised statutes it is, in effect, declared that all statutory law shall be liberally construed with the view of accomplishing the legislative intent and promoting the ends of justice. In the first place, it is by no means certain that in enacting article 1924 the Legislature intended to make it compulsory that the stenographer should transcribe his notes and file the same with the clerk, because, while the first part of it seems to so declare, the latter part of it prescribes that the transcript so made shall be paid for by the party ordering the same, which indicates that it was not intended to require the stenographer to make the transcript unless it was ordered by one of the parties to the suit; and nowhere in the statute is an appellant or appellee expressly required to demand the making of such transcript. But even if it be conceded that previous articles do so require, we think it was the intention of article 2072 to limit and restrict such articles of the statute, so as to authorize both or either of the parties to the litigation to act independently of the stenographer's transcript in the preparation of a statement of facts; which right, in so far as adverse litigants are concerned, includes the right not to demand the making of a transcript by the stenographer. Whether or not, when no transcript has been demanded, the stenographer would have the right to make one and claim his fee therefor, is a question that need not be decided, as it does not arise in this case. Attention is called to the fact that the language used by the Legislature is not "the parties," but the article "the" is omitted, and the statute reads, "Nothing in this act shall be so construed as to prevent parties," etc.; and, while the omission referred to may not be of great importance, yet, in our view, it tends somewhat to indicate the legislative purpose to accord the benefits conferred by that article to any one who might be a party to the particular litigation. But our interpretation of the statute finds support in another and stronger reason, and that is, the fact that it makes the law deal fairly with the respective parties, whereas, the construction adopted by the Court of Civil Appeals for the First District might, in many instances, impose a great hardship upon an appellant who desired to avail himself of its benefits, while it might in all such cases result beneficially to an appellee, as the following analysis of its practical application will demonstrate: For instance, it is the appellant and not the appellee who desires a statement of facts in order to get the full benefit of his appeal, and, therefore, if he cannot obtain the benefit of article 2072 without the consent of the appellee, then he is placed at the mercy of his adversary, and the time and labor he may expend in preparing a statement of facts without having a stenographer prepare a transcript of the testimony may be wasted and go for naught by the appellee's refusal to consent to that statement of facts, and then when, in some instances, it may be too late, he will be required to begin over by demanding that the stenographer prepare a transcript in order that he may present another statement of facts for approval. It is not believed that it was the intention of the Legislature that the right conferred by article 2072 was to be contingent upon the consent of that party to the litigation to whose interest it would be to withhold consent in order that no statement of facts should be carried up on appeal. Such a construction renders that article almost, if not entirely, barren of practical benefit.

Counsel for appellant present the contention that this court is without power to go behind the certificate of the trial judge and hear evidence, by affidavit or otherwise, and determine whether or not the statement of facts presented by appellant to the trial judge was prepared in the manner required by law; and in support of that contention they cite Davis v. James, 5 Tex. 389; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Willis v. Smith, 90 Tex. 635, 40 S. W. 401; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; City of Brenham v. Rankin, 70 S. W. 321; Johnson v. Arrendale, 71 S. W. 44; Von Boeckhann v. Loepp, 73 S. W. 849; Bath v. H. & T. C. Ry. Co., 34 Tex. Civ. App. 516, 78 S. W. 994; Hamilton v. Saunders, 37 Tex. Civ. App. 141, 84 S. W. 253; Western Union v. Christensen, 78 S. W. 744; Walker & Son v. Allen, 95 S. W. 585; Wilson v. Tyler Coffin Co., 79 S. W. 327; Applebaum v. Bass, 113 S. W. 173; Rush v. Thompson, 113 S. W. 546; Kimbell v. Powell, 57 Tex. Civ. App. 57, 121 S. W. 541; Natl. Bank of Commerce v. Lone Star Milling Co., 152 S. W. 663; Security T. & L. Ins. Co. v. Stuart, 160 S. W. 110; Eaton v. Klein, 174 S. W. 331. There is much force in that contention which the authorities referred to tend more or less to support. But if it is not tenable, and if it is permissible for this court to consider the facts shown by appellee's motion, nevertheless, and for the reasons hereinbefore stated, we are of opinion that the motion should be overruled, and it is so ordered.

Motion overruled.